288 So.2d 606 (1974)
Hayward BRYANT, Sr., et al.
v.
The TRAVELERS INSURANCE CO. et al.
No. 53648.
Supreme Court of Louisiana.
January 14, 1974.
*607 Francis Dugas, Thibodaux, for plaintiffs-applicants.
A. Deutsche O'Neal, Sr., O'Neal & Ryan, Houma, for defendants-respondents.
CALOGERO, Justice.
The procedural issue before us in this case concerns whether plaintiffs abandoned their tort actions by failure to take any steps in the lawsuit's prosecution for a period of five years. La.C.C.Pr. Article 561.
The trial court ruled that the action was not abandoned, then rendered money judgments in favor of plaintiffs.
The Court of Appeal reversed and rendered judgment for defendants holding that the suit had been abandoned. Bryant v. Travelers Insurance Company, 277 So.2d 681 (La.App. 1st Cir. 1973).
We granted writs of certiorari and review. 279 So.2d 684 (La.1973).
The dispositive issue is whether immediately, or shortly following trial in the district court, the case was submitted for consideration and taken under advisement by the trial judge.
On June 25, 1965 trial of these wrongful death and injury claims was concluded. The minute entry for that date is as follows:
"Whereupon, the Court granted counsel for plaintiff until August 30th, 1965 within which to submit their brief to the court, Thereafter counsel for defendants will be granted ten days within which to submit their brief. The Court will then take this matter under advisement."
Plaintiffs' brief was not filed until more than five years following June 25, 1965. After that late submission of brief, plaintiff filed a rule to show cause why defendant should not file his brief, and defendant countered by moving to have the lawsuit declared abandoned for non-prosecution.
Judge Louis Watkins who had heard the case in 1965 had by then retired. The show cause rules were therefore heard by Judge Remy Chaisson. He denied defendants' abandonment motion holding that the case "should be treated as having been previously submitted, and ordered that the said case is submitted," "for reasons orally assigned."[1] He then granted time for defendant to submit a brief and plaintiff to file a rebuttal brief. Thereafter he rendered judgment for plaintiffs from which *608 defendants appealed to the Court of Appeal.
The reversal by the Court of Appeal was based principally upon their construction of the trial court minutes of June 25, 1965 cited above. They construed the minutes to mean that the case not only had not been submitted on June 25, 1965 but would not be considered submitted by the trial judge until the briefs of both counsel had been filed. They relied chiefly upon Le Blanc v. Thibodaux, 162 So.2d 753 (La.App.1st Cir. 1964), similar procedurally, where the pertinent minutes indicated that after trial of the case "briefs were ordered to be submitted after which the case will be taken under advisement."
Upon application for rehearing plaintiffs attached to their pleading and employed in argument for the first time the rules of the trial court, in particular Rule 26,[2] which provides essentially that a case is submitted and is taken under advisement by the judge, after lapse of the period afforded counsel within which to file briefs, whether or not such briefs are timely filed.
The Court of Appeal in a per curiam decision refused plaintiff the rehearing sought, taking the position that since the court rules were not introduced in evidence and since appellate courts are without authority to take judicial notice of the rules of a district court,[3] they were unable to consider the rules.
Various arguments have been presented by the parties in brief and orally. At the outset counsel for defendant takes the position that the Court of Appeal was legally correct in their result, that they correctly interpreted the trial court's minutes, and that the record may not properly be expanded to include the trial court's rules proffered only upon application for rehearing in the Court of Appeal. They argue that the case was not submitted to the trial court for decision and that consequently plaintiffs' filing of the anticipated brief in the district court was a necessary step in the prosecution of the suit, failure in which for over five years constituted non-prosecution under La.C.C.Pr. Art. 561.
The Court of Appeal was correct that appellate courts in this State are without authority to take judicial notice of the rules of a district court. So they properly gave no consideration to the court rule filed with plaintiff's application for rehearing.
However, on the basic question concerning what transpired in the district court on June 25, 1965 as evidenced by the Court's minutes of that date we do not agree with the Court of Appeal that the minutes clearly and unambiguously indicate that the case would not be considered submitted until the briefs of both counsel had been filed. That admittedly is the reasonable import of the minutes language in Le Blanc, supra, where "briefs were ordered to be submitted after which the case will be taken under advisement." "After which" there clearly referred to the submission of briefs.
In the case at hand however, the minutes, supra, do not unambiguously purport to recite that the court would take the matter under advisement only after submission of briefs. They indicate with at least as much likelihood that the court would take the matter under advisement after lapse of the time afforded counsel within which to file such brief or briefs as they may choose to file.
*609 Without reference to the Court rule and without reviewing the transcript of the hearing on the show cause rules before Judge Chaisson[4] we are nonetheless inclined to construe Judge Watkins' minutes favorably to plaintiff's position, that is, as indicating the court would take the case under advisement simply upon lapse of the time afforded counsel to file briefs.
We believe however, that a more plausible judicial resolution would be to find that the minutes are ambiguous and that consequently the case should be remanded to the trial court to permit introduction of the court rules and to permit incorporating into the record the transcript of the hearing on the rules to show cause.
Were it not for the rational and cooperative gesture on the part of counsel for the defendants we would do just that, i. e., remand to the trial court for this purpose.[5] However, in oral argument counsel for the parties made a stipulation essentially to the effect that while the record in the case should not be expanded to include the court rules and show cause transcript while considering the correctness of the judgment of the Court of Appeal, it should be expanded to include the trial court rules and show cause transcript (both of which, admitted to be accurate and complete, are filed in this Court) to obviate the need for a remand, in the event and at such point in this Court's deliberations, that we should be inclined to reverse the judgment of the Court of Appeal and remand for supplementing the record.
Having reached that precise point in our deliberations we will take advantage of the aforestated stipulation of the parties and now interpret Judge Watkins' June 25, 1965 minutes in light of the then prevailing Rule 26 of the Court Rules for Lafourche Parish District Court.
Rule 26 as earlier related herein provides[6] essentially that a case is submitted and is taken under advisement by the judge, after lapse of the period afforded counsel within which to file briefs, and whether or not such briefs have been filed.
We must presume that Judge Watkins took cognizance of his own Court's rules. In this context, his otherwise possibly ambiguous minutes take on an unmistakeable clarity. He granted plaintiff's counsel until August 30, 1965 within which to submit brief, defendant's counsel 10 days thereafter within which to submit his brief. "The Court will then take the matter under advisement." In the context of a clear and then prevailing Rule 26, this matter was taken under advisement by Judge Watkins on the 11th day following August 30, 1965.
This is consistent with the holding of Judge Chaisson on the show cause rules. The transcript of the hearing on the rules, now made available for our review, indicate that Judge Chaisson's reasons "orally assigned" were essentially his finding that Judge Watkins had in fact taken this case under advisement after 10 days following August 30, 1965.
Inasmuch as the case was submitted and taken under advisement by the trial judge in September 1965, delays thereafter are not chargeable to any failure on the part on plaintiffs to take a step in the prosecution of their lawsuit. See Barton v. Burbank, supra and other cases cited at Footnote 1 hereinabove. Accordingly defendants' motion to have plaintiffs lawsuit declared abandoned was properly *610 dismissed by the trial court and his judgment should not have been overturned by the Court of Appeal.
The merit of the trial court's judgment finding defendants liable and awarding plaintiffs damages has yet to be reviewed. Though Louisiana Const. Art. 7, Sec. 11 gives us authority to fully determine all issues in this case we prefer to follow the procedure stated in Felt v. Price, 240 La. 966, 126 So.2d 330, 335 (1961):
". . . we have held that it is the better practice to remand cases here on writs of review to the Courts of Appeal for the decisions of issues which those courts have not had the opportunity, or have found it unnecessary, to consider in disposing of the controversy. This policy has been invariably applied in cases involving quantum of damages."
The judgment appealed from is therefore annulled, avoided, reversed and set aside, and
It is now ordered adjudged and decreed that the judgment of the Court of Appeal is reversed, that the motion to dismiss be and the same is hereby overruled, and
It is further ordered that the case be remanded to the First Circuit Court of Appeal, Parish of East Baton Rouge for further proceedings in accordance with law and consistent with the views herein expressed.
Defendants are cast with the cost of this appeal, the assessment of all other costs is to await final determination of the case.
Reversed and remanded.
SANDERS, C. J., concurs in the decree.
BARHAM, J., concurs with reasons.
TATE, J., I concur fully. However, the Louisiana doctrine that an appellate court should not take judicial notice of trial court rules should be reexamined.
BARHAM, Justice (concurring).
I concur completely in the result reached by the majority under their consideration of the applicability of Rule 26 of the Court Rules for Lafourche Parish District Court. However, I am not concerned with the technicalities which bothered the majority in determining how this Court could consider and apply a rule of the district court which had not been introduced into evidence in the lower court.
The Court of Appeal and the majority are correct in concluding that past jurisprudence has held that the rules of the trial courts of this State are not matters of which appellate courts may take judicial notice. Successions of Scardino, 215 La. 472, 40 So.2d 923 (1949), and authorities cited; Sciortino v. Sciortino, 250 La. 727, 198 So.2d 905 (1967); and Trahan v. Petroleum Casualty Co., 250 La. 949, 200 So. 2d 6 (1967). The jurisprudential authority for refusing to take judicial notice of these court rules is based entirely upon the cases of Bowman v. Flowers, 2 Mart., N.S., 267 (1824) and Butler v. De Hart, 1 Mart., N. S., 184 (1823). Neither case gives a reason for refusing to take judicial notice of lower court rules which is cogent for present consideration of the issue. The basis of those cases' denial of judicial cognizance of rules of lower courts is simply that rules of court are not law and thus not self-proving.
We have advanced a long way in the 150 years since those decisions in determining what matters are subject to judicial cognizance. Moreover, there have been immeasurable advances and changes in our court system, structure and procedures during that time. The Judicial Administrator of this Court presently has a copy of a set of rules for every district court jurisdiction in this State. All lower courts now reduce to official writing and record their rules of court. Most of these court rules are published. Claitor Publishing Company has published a compilation of most of these rules. West Publishing Company is in the process of collecting and publishing all *611 current district court rules. Even without a consideration of publication, there is no reason why this Court, with its plenary power, and its supervisory jurisdiction over all courts of this State, should not be able to take judicial notice of lower court rules which necessarily are made and enforced subject to our supervisory power. Moreover, the courts of appeal should take judicial cognizance of these rules of court.
I respectfully concur.
NOTES
[1] Submission in 1965 following trial is pertinent because under the jurisprudence where a case has been submitted for decision the statute relative to abandonment of actions is inapplicable to either litigant. Barton v. Burbank, 138 La. 997, 71 So. 134 (1916); Sanders v. Luke, 92 So.2d 156 (La.App. 1st Cir. 1957); Landry v. Dore, 149 So. 321 (La.App.1st Cir. 1933); Washington v. Harvey, 124 So.2d 240 (La.App.2nd Cir. 1960).
[2] Court Rules for Lafourche Parish District Court.

"Rule 26. Unless agreed upon to the contrary by all the attorneys or the judge who tried the case, it shall be the duty of each attorney required to do so to file his brief within the fixed delays. Upon failure to timely receive the briefs, the judge shall presume that the attorney failing to forward same does not wish to present a brief and the judge shall proceed to decide the case without such brief.
[3] Sciortino v. Sciortino, 250 La. 727, 198 So.2d 905 (1967); Trahan v. Petroleum Casualty Company, 250 La. 949, 200 So.2d 6 (1967).
[4] This transcript was not made part of the record on appeal but has been filed in this Court by one of the parties.
[5] The jurisprudence has long provided for the remanding of cases where justice would be served. In Townley v. Pomes, 194 La. 730, 194 So. 763, 765 (1940) this Court said, "It is our opinion that the plaintiff's request for an opportunity to fully present the testimony and complete the record was properly and timely made and that under the circumstances surrounding the trial of the case and in the interest of justice, plaintiff is entitled to this consideration."
[6] See Footnote 2.