366 So.2d 932 (1978)
Joseph D. LUPO, Plaintiff and Appellant,
v.
Mildred D. LUPO, Defendant and Appellee.
No. 12269.
Court of Appeal of Louisiana, First Circuit.
November 20, 1978.
Rehearing Denied January 16, 1979.
*933 Joseph D. Lupo, pro se.
Iddo Pittman, Hammond, counsel for Mildred D. Lupo.
Before ELLIS, BLANCHE, and LOTTINGER, JJ.
ELLIS, Judge:
This is a suit for divorce. Plaintiff is Joseph D. Lupo and defendant is Mildred Doles Lupo. The parties were married in 1946, and were the parents of seven children, two of whom were minors at the time of these proceedings.
Prior to the institution of this suit, a judgment of separation from bed and board had been rendered in favor of plaintiff herein on May 16, 1975, in a proceeding in the 22nd Judicial District Court for St. Tammany Parish. Plaintiff, in his petition, has judicially admitted that there was a reconciliation following that judgment, and this is not disputed by defendant. Apparently, the community was reestablished by notarial act, since both parties so testified, although no copy of the act appears in the record.
The parties once again became estranged, as early as May 30, 1975, according to defendant, or as late as July 26, 1975, according to plaintiff. This suit was instituted on July 27, 1977, by Mr. Lupo, seeking a divorce on the ground of living separate and apart for two years, custody of the two minor children, and a dissolution of the community. Defendant answered, seeking a divorce in her favor on the same ground, custody of the minor children, alimony and child support, an inventory of the community property, and an injunction to prevent plaintiff from disposing of the community property. In addition, a rule for an injunction, custody, alimony and child support pendente lite was fixed for hearing.
Plaintiff then filed exceptions of vagueness and lis pendens, the latter exception being based on the fact that an alimony rule had been filed in the proceeding in St. Tammany Parish, and was then pending. Later, plaintiff filed an exception of res judicata and exceptions of no cause and no right of action to the rule, based on the judgment of separation rendered in St. Tammany Parish on May 16, 1975, and an order bonding an injunction issued in yet another suit filed by Mr. Lupo against Mrs. Lupo in Tangipahoa Parish, concerning which we are not otherwise enlightened.
The matter eventually came to trial before Judge Leon Ford, on the exceptions. Judgment was signed, overruling all exceptions. Subsequently, Judge Ford also heard the rule for alimony, child support, custody and the injunction, and rendered a judgment granting a preliminary injunction, giving custody of the children to Mrs. Lupo, and fixing alimony in the amount of $200.00 per month, and child support in the amount of $200.00 per month per child.
Defendant then filed a motion for summary judgment, asking for a divorce, custody and permanent alimony. Plaintiff filed an opposition to that motion, and filed a motion to bond the injunction preventing him from alienating the community property, as well as a motion to release interest income on certain community and separate funds. Both of these motions are based on *934 the allegation that plaintiff needed the money to pay community debts.
Shortly thereafter, on February 6, 1978, the case was transferred from Judge Ford to Judge Ben R. Miller, who was sitting as judge-ad-hoc in the 21st Judicial District. On February 10, 1978, a conference was held among Judge Miller, counsel for defendant, and Mr. Lupo in the judge's chambers at the courthouse in Livingston Parish. There is no written record of what took place at this conference, and no formal order was signed. However, at the time of the trial, the district judge stated for the record that, at the conference, Mr. Lupo was advised that the case was going to be brought up on its merits on February 24, 1978; that he could present any witnesses he wanted to at that time; and that the judge would read any previous testimony bearing on the matter.
On February 14th, Mr. Lupo filed an "Exception of Prematurity of Motion for Trial Date", based on there being interlocutory matters not disposed of in the record.
When the case was called on February 24th, Mr. Lupo objected to going to trial on the merits because he was not notified of a motion for a pre-trial conference, and because there was no pre-trial order in the record. The trial judge overruled that objection; peremptorily denied the motion to bond the injunction and the motion to release the interest income, and heard the trial on the merits. At the conclusion, he granted a divorce to Mr. Lupo, granted custody to Mrs. Lupo, and awarded alimony in the amount of $200.00 per month to Mrs. Lupo and in the amount of $200.00 per month for each of the minor children. After a motion for a new trial was denied, without a hearing, by the trial judge, Mr. Lupo appealed the judgment to this court, assigning a number of errors.
First, he asserts that the court erred in overruling his exception of lis pendens. Of course, the rule in St. Tammany Parish could not be validly prosecuted, because it was brought in a matter which had been legally extinguished by the reconciliation of the parties. Since plaintiff has judicially admitted the reconciliation, he cannot rely on the alleged validity of that judgment.
Second, he complains that the court erred in overruling his exceptions of res judicata and of no right of action and no cause of action. These exceptions are also predicated on the validity of the judgment of separation rendered in St. Tammany Parish, which was extinguished by the reconciliation of the parties and the reconstitution of the community between them. They are without merit.
Plaintiff then contends that the court erred in holding hearings pendente lite, because there was no contest on the merits of the divorce. It may be that the interest of judicial economy might best have been served by an early trial on the merits, but we find no irregularity in the procedures followed relative to the hearings held by Judge Ford. These took place pursuant to motion, in proper order, and without objection on the part of plaintiff. In brief, plaintiff states that he put on evidence sufficient to support a judgment of divorce, but that the judge refused to grant the divorce. This ruling was, of course, proper, since the matter was not before the court on its merits.
Next, plaintiff objects to the alleged arbitrary dismissal of his motion to bond the injunction. We learn from the record that plaintiff and defendant had a substantial sum of money on deposit in various financial institutions, which produced an income in excess of $4,000.00 per year. There is a dispute as to the separate or community nature of a portion of these funds. Plaintiff wished to post a bond to secure defendant's interest in these funds, and obtain possession of them.
Plaintiff has furnished no authority for the proposition that community property subject to an injunction can be released to one partner on the posting of a bond. Since the adoption of the Code of Civil Procedure, and the repeal of Article 307 of the Code of Practice of 1825, there is no provision in our law for the bonding of injunctions of any sort. Further, as pointed out by the trial *935 judge, the extent of the community property has not been determined. The motion was properly overruled.
Plaintiff's other motion, to have the income from the above funds released from the injunction, so that it might be used to pay community debts, was dismissed by the trial judge, without hearing evidence or argument.
According to his motion, the debts which plaintiff wanted to pay were alimony pendente lite, child support, insurance premiums and property taxes. It would appear that none of these could properly be considered community debts since they arose subsequent to the institution of this suit. Article 150, Civil Code. In any event, we doubt that the judge has the authority to grant such a motion, except by consent, in the light of the injunctive provisions of Article 149 of the Civil Code. We find no error in the ruling.
Plaintiff's fifth specification of error relates to the manner in which the pre-trial conference was noticed and conducted, and the manner in which the case was fixed for trial on the merits.
The Code of Civil Procedure contains the following provisions on the assignment of cases for trial:
"Art. 1571. The district courts shall prescribe the procedure for assigning cases for trial, by rules which shall:
"(1) Require adequate notice of trial to all parties; and
"(2) Prescribe the order of preference in accordance with law.
"These rules shall not allow the assignment of ordinary proceedings for trial except after answer filed."
"Art. 1572. The clerk shall give written notice of the date of the trial whenever a written request therefor is filed in the record or is made by registered mail by a party or counsel of record. This notice shall be mailed by the clerk, properly stamped and addressed, at least ten days before the date fixed for the trial."
Rule IX of the Rules of the Twenty-First Judicial District Court provides:
"Section 1. Assignment of civil cases on the merits will be made on oral or written motion in the division to which the case has been allotted or transferred. Assignments may also be made at pre-trial conferences.
"Section 2. Motions and exceptions may be fixed in the same manner as provided for in Section 1, or by the Clerk of Court at the written request of any party.
"Section 3. Unless it is otherwise specifically provided by statute, at least fifteen days' notice will be required for trial on the merits and five days' notice on motions, rules and exceptions. These delays will commence on the day after the notice provided for in Section 4.
"Section 4. The Clerk of Court, within two judicial days, will give written notice to all parties of any assignment."
Clearly, under the rules of his own court, the assignment for trial made by the trial judge was improper. Less than 15 days' actual notice was given verbally by the trial judge, and the written notice required by Section 4 of Rule IX was never sent. Such an assignment for trial cannot be valid if objected to, and plaintiff's objection appears in the record in writing, and was made to the trial judge orally before the start of the trial.
We are aware of the jurisprudential rule that an appellate court may not take judicial notice of the rules of a district court, if the rules are not placed in evidence in the case being considered. See Bryant v. Travelers Insurance Co., 288 So.2d 606 (La. 1974). However, since the rendition of that opinion, and the prior jurisprudence to that effect, the rules of all the district courts have been compiled, are published annually by West Publishing Company, and are in the possession of virtually every judge and lawyer in the state. Under those circumstances the rule of the Bryant case, supra, is outmoded. We do not believe we should be held to ignorance of that which is readily to hand, particularly when it is decisive of the case under consideration. We will, therefore, take judicial notice of the rules of the Twenty-First Judicial District Court.
*936 We hold that the trial judge should have maintained plaintiff's objection to going to trial on the merits of the case, and should have heard the case only on the interlocutory matters then pending before it.
The judgment appealed from is therefore reversed and set aside, and this case is remanded to the trial court for trial on its merits, in accordance with law. All costs of this appeal shall be paid by defendant. All other costs shall await final disposition of the case on its merits.
REVERSED AND REMANDED.