PONDER, Judge.
Plaintiff, Joseph D. Lupo, appealed from the judgment granting him a divorce upon grounds of two year separation in fact, but awarding the custody of two minor children to the defendant, and ordering the payment of child support and alimony. Defendant answered the appeal and asked for damages for frivolous appeal.
The issues are the effect to be given to uncompleted plans to try the case in Baton Rouge by an appointed judge; the effect to be given to the signing of judgments in Baton Rouge, the failure to try the case on the merits without consideration of pending motions; the failure to dispose of pending interlocutory motions; the granting of a continuance; the granting of a motion to set for trial a pending motion for a new trial, and the finding that the defendant was free of fault.
On a previous appeal, this court reversed the judgment granting a divorce and awarding custody of minor children, child support and alimony. The case was remanded for trial on its merits. Lupo v. Lupo, 366 So.2d 932 (La.App. 1st Cir. 1978).
There were pending at that time rules to declare certain property community, to hold plaintiff in contempt for violation of injunction against disposing of community property, and a motion for a new trial from a judgment reducing alimony and child support. After a trial on November 2, 1979, the appointed judge granted divorce to the plaintiff, granted custody of two minor children to the defendant and ordered the payment of child support and alimony.
Plaintiff’s complaint that the appointed judge intended and made plans to try the case in Baton Rouge rather than Amite is without merit. Even if there be error, it was harmless, since the trial was held in Amite.
Plaintiff’s complaint that several judgments were signed in Baton Rouge is also without merit. He cites LSA-C.C.P. Arts. 1911 and 1912 before amendment on 1974. As these articles now read,[1] the signing in Baton Rouge is permitted.
Another specification of error is that the court allowed the trial of motions and rules filed between the appeal and the remand. Plaintiff argues, if we understand, that because the divorce was not contested on the appeal, the reversal and remand by this court did not apply to the divorce. We disagree. The reversal was on the basis that the proper notice of the trial on the merits had not been given. The remand was granted for trial on the merits. This includes all the issues.
Mr. Lupo complains that he was required to take the stand to prevent the trial of a rule that had not been served on him. Since he was not required to proceed to trial he was deprived of no rights. The complaint that the rule was continued and ultimately tried in Amite is also without merit. Appellant admits in his brief that the decision was ultimately in his favor. Surely, he does not contend that he should not be subjected to the ordinary legal process.
Plaintiff finds fault with the court’s signing on October 16, 1979, of a motion to fix for trial a motion for a new trial filed on November 1, 1978, but which had not been heard. The judgment complained of was a reduction in alimony and child support and forms no part of the judgment appealed from. We decline to consider this point. Plaintiff will have his day in court when the new trial is heard.
In a seeming reversal of logic, plaintiff complains that some interlocutory motions were not disposed of prior to trial on *153 the merits. These motions were in regard to community property. We know of no law, and appellant has cited none, requiring these be disposed of prior to trial on the issues of divorce, fault, alimony and child support. Further, we find no objection by him in the record.
Appellant complains that the court erred in finding no fault on appellee’s part so as to bar her receiving alimony. We have examined the record and find that the evidence supports the conclusion. The amounts set were the result of a stipulation. Appellant will not be heard on that complaint.
Defendant alleges plaintiff’s appeal is an insincere delay tactic. She prays for court costs and damages for frivolous appeal. Appeals are favored by law and an appeal will not be regarded as frivolous unless it clearly appears that appellant does not honestly believe that there is merit in his contentions and that the proceedings were taken merely for purposes of delay. LSA-C.C.P. Art. 2164. Avondale Shipyards, Inc. v. Larose Shipyard, Inc., 289 So.2d 192 (La.App. 1st Cir. 1973). Although we find no merit in plaintiff’s legal arguments, we cannot say his appeal was insincere or instituted merely for purposes of delay.
For the above reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. LSA-C.C.P. Art. 1911:
“Except as otherwise provided by law, every final judgment shall be signed by the judge.... For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled.”
LSA-C.C.P. Art. 1912:
“A final judgment may be signed in any parish within the state and shall be sent to the clerk of the parish in which the case is pending.”