405 So.2d 1227 (1981)
Michael J. JEFFERS
v.
AMOCO PRODUCTION COMPANY, INC., et al.
Sally Ann BOURQUE
v.
AMOCO PRODUCTION COMPANY, INC., et al.
Cindy Farmer LEBLANC
v.
AMOCO PRODUCTION COMPANY, INC., et al.
Barbara M. QUELLE
v.
AMOCO PRODUCTION COMPANY, INC., et al.
Gayle LEWIS
v.
POWER RIG DRILLING COMPANY, et al.
Nos. 14344-14348.
Court of Appeal of Louisiana, First Circuit.
October 12, 1981.
*1228 Clement Story, III, Lafayette, for plaintiff-appellant Michael J. Jeffers.
James E. Diaz, Herman E. Garner, Lafayette, for defendant-appellee Cameron Iron Works, Inc.
John R. Tharp, Baton Rouge, for defendant-appellant Amoco Production Co.
Edward J. Brandao, New Orleans, for defendant-appellee Hydril Co., Inc.
Jesse R. Adams, Jr., Mark B. Meyers, New Orleans, for defendant-appellee International Mud Co. (IMCO), Emsco, Inc., a subsidiary of Imco, & Halliburton Co.
James J. Davidson, Edward O. Taulbee, Lafayette, for intervenor/defendant-appellant Power Rig Drilling.
John J. McCann, New Orleans, for defendant-appellee Crowley Consultant Corp.
David W. Robinson, Warren E. Byrd, II, Paul H. Dué, Steve M. Marks, Baton Rouge, for plaintiff-appellee Sally Ann Bourque.
Kenneth W. DeJean, Lafayette, for plaintiff-appellee Cindy Farmer Leblanc, Indiv., & as Admin. and/or Natural Tutrix of her Minor Children, Heather Monique Leblanc & Edgar Leblanc, Jr.
Larry A. Roach, Lake Charles, for plaintiff-appellant Barbara M. Quelle, Indiv., & as Administrator and/or Natural Tutrix of her Minor Child, Bradley D. Quelle & Don H. Quelle, Ind.
Michael J. Samanie, Robert L. Barrios, Houma, for plaintiff-appellant Gayle Lewis.
Before COVINGTON, COLE and WATKINS, JJ.
WATKINS, Judge.
These are consolidated cases brought by victims and survivors of deceased victims which arise from an oil rig blow-out in East Baton Rouge Parish. Made co-defendants are Amoco Production Company, Inc., Hydril Company, Halliburton Company, Crowley Consultants, International Mud Company, Emsco, Cameron Iron Works, Inc., and Power Rig Drilling Company. Cameron Iron Works applied for summary judgment dismissing it as a party defendant. Summary judgment was granted as sought. Plaintiffs and defendants Amoco and Power Rig appealed. Amoco and Power Rig later moved in this court to dismiss their appeal, and the motion was granted. Accordingly, we are only considering the appeal of the plaintiffs. Only one plaintiff, Barbara M. Quelle, has filed a brief.
The fire or blow-out occurred at approximately 8:30 a. m. on July 7, 1979. All of the injuries sued upon resulted from this fire. Approximately an hour and a half later, an explosion occurred which totally destroyed the rig. No further personal injuries were sustained in the second fire or explosion.
Cameron's motion for summary judgment was supported by a deposition of Matthews Cormier, who was drilling foreman for Amoco. The well was being drilled by a drilling contractor, Power Rig, for Amoco. Plaintiffs' basis for possible liability on the part of Cameron was that Cameron manufactured a blow-out preventer which had been installed on the well but which failed to function, thus contributing to the flash fire and injuries sued upon.
Cormier's clear and unequivocal testimony is that Cameron's blow-out preventer was never activated. The Kelly was at that time in the hole, according to Cormier's testimony, and the Cameron blow-out preventer could not be activated when the Kelly was in the hole.
Plaintiff Quelle (whose brief as stated is the only plaintiff's brief filed) contends that *1229 counsel for plaintiffs attempted to introduce the depositions of Emile Durr, Jr. and Stephen Barnard, which would have shown that the Kelly was not in the hole. Hence, the inference is that, if standard oil field procedure had been followed, the Cameron blow-out preventer would have been activated at the time of the flash fire. The trial court, according to Quelle's brief, improperly refused to admit the depositions of Durr and Barnard.
After taking the matter under advisement, the trial court granted summary judgment, as we have indicated.
If the blow-out preventer had not been activated before the flash fire occurred, as Cormier's testimony unequivocally states, clearly Cameron could not be liable, as the sole basis of contended liability on the part of Cameron was the alleged malfunction of the Cameron blow-out preventer. Although plaintiff Quelle contends the depositions of Durr and Barnard were improperly ruled inadmissible, plaintiff did not make an effort to proffer the excluded depositions. There is thus no genuine issue as to a material fact, as the sole testimony available in the record before this court indicates that the Cameron blow-out preventer was not activated before the flash fire occurred.
We are not favored with a transcript of the hearing on motion for summary judgment containing the argument of counsel in which the two depositions were held inadmissible. Moreover, the record presented before us does not contain these depositions as a proffer. A proffer could have been made under LSA-C.C.P. art. 1636. No proffer was apparently made. It is incumbent upon counsel who contends his evidence was improperly excluded to make a proffer (an offer of proof), and if he fails to do so, he cannot contend such exclusion was error. Greene v. Wright, 365 So.2d 551 (La.App. 1st Cir.1978).
Thus, under the record before us, summary judgment was proper.
Hence, the judgment of the trial court is affirmed, at appellants' cost.
AFFIRMED.