447 So.2d 93 (1984)
Danielle Lowe, wife of Wilfred A. GRUSICH, Jr.
v.
Wilfred A. GRUSICH, Jr.
No. CA 1255.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1984.
*94 Harry R. Cabral, Jr. and H. Craig Cabral, Cabral & Cabral, Metairie, for appellee.
Emile L. Turner, Jr., Turner, Young & Hebbler, New Orleans, for appellant.
Before BARRY, AUGUSTINE and CIACCIO, JJ.
CIACCIO, Judge.
The parties in this action are husband and wife. Defendant-husband has appealed from a district court judgment decreeing that a certain list of moveable property, the list designated as "Mrs. Grusich No. 6", is the list to be used in consummating the partition of community property. We affirm.
On October 27, 1982, the parties appeared in court for a hearing involving a number of issues, one of which involved the partition of community property. Before the hearing began the parties conferred over a list of moveable property and were able to agree upon a partition of that property. Agreement was reached on other issues and an amicable settlement resolving all issues was confected.
Both parties took the witness stand and testified to the terms of their agreement. In their testimony the parties referred to and identified a list of property which had been used in reaching the agreement. The hearing concluded with wife's counsel agreeing to draw up an act of partition in accordance with the settlement terms to which the parties had testified.
The act of partition prepared by wife's counsel was presented to husband's counsel, but was unacceptable. Husband's counsel prepared an act of partition, but this was unsatisfactory to wife's counsel. *95 The difficulty was due to the existence of more than one list of the moveable property and a dispute over which list represented the terms of the settlement agreement.
The particular list used at the hearing on October 27, 1982, was not placed in the record.
Wife's counsel filed a rule to have the settlement agreement enforced (by the terms of the act of partition he had prepared). Husband's counsel responded to the rule by also asking the court to enforce the settlement agreement (upon the terms of the act of partition prepared by husband's counsel). The matter was set for a hearing.
In connection with the rule to enforce the settlement, wife asked that Judge Duran, now sitting in the domestic section, transfer the hearing to Judge DiRosa, now sitting in a non-domestic division, because Judge DiRosa had heard the matter on the day the parties reached the agreement which they were now seeking to enforce. Judge Duran ordered the transfer which was accepted by Judge DiRosa, who indicated that he remembered well the case. Husband's counsel objected to the transfer.
Husband's counsel filed a motion to have the transfer order rescinded, which was denied. Judge DiRosa then conducted a hearing on the rule prior to which he clarified the scope of the hearing as follows:
This rule comes up for an explanation of a settlement that was dictated into the record on October 27, 1982. On October 27 I was presiding. And the judgment was rendered or dictated into the record by the parties on October 27, 1982 and a transcript of the record is available there (indicating).
The facts under consideration today, and the only thing before the Court at this time is the explanation of the judgment and not in any way to change any of the judgment that was rendered on October 27, because that judgment, according to the Rules of Civil Procedure is final and has been final since the date of its being dictated into the record itself and in accordance with the law not even is it necessary to reduce it to writing. It's effective as of the date it was dictated, which was October 27, 1982. * * * On that day it was stated there was a list involved. It now becomes a question of an explanation in order to explain that judgment as to what list are we speaking of.
Both parties testified concerning what list represented the terms of their agreement. Husband's counsel wanted to testify, but the court said that he could not. The court then ruled that the list designated as "Mrs. Grusich No. 6" was the list to be used in consummating the partition of community property. A judgment was rendered in accordance with that ruling, ordering that the partition of community property be completed within 15 days.
Husband has appealed from this judgment and raises three issues: (1) Whether a domestic case can be transferred from the domestic section of court to a judge sitting in a non-domestic section of court; (2) Whether the court erred when it did not allow husband's counsel to testify; and (3) Whether, considering the evidence, the judgment of the district court is manifestly erroneous.
Appellant argues that the transfer of the hearing on the rule from Judge Duran to Judge DiRosa was error. He bases his argument on La. Act 460 of 1979, which created a domestic section in the Orleans Parish Civil District Court, and the local rules of the district court as they relate to domestic cases. We find his arguments unfounded.
We are aware of the existence, and questionable status, of the jurisprudential rule that an appellate court may not take judicial notice of the rules of a district court, if the rules are not placed in evidence in the case being considered. See Bryant v. Travelers Insurance Co., 288 So.2d 606 (La. 1974) and Lupo v. Lupo, 366 So.2d 932 (La.App. 1st Cir.1979). The rules of the district court were not placed into evidence. Judge DiRosa, however, referred to the rules in providing his reasons for denying *96 husband's motion to rescind the transfer order.
Obviously, there is nothing to prevent a district judge from referring to the rules of his own court. In fact, we must presume that the judge took cognizance of his own court's rules. Bryant v. Travelers Insurance Co., supra. In this context, therefore, we will accord great weight to the district judge's interpretation of his own court's rules.
Further, the Civil District Court for the Parish of Orleans is a single court presently composed of twelve divisions with a single judge presiding over each of the divisions. Jurisdiction over the subject matter of any particular case is determined by considering the constitutional and/or statutory grant of jurisdiction to the court where the case is pending. Jurisdiction is not determined by reference to any particular division of the court. Each division of the court operates under the same grant of jurisdiction as the entire court.
Act 460 of La. Acts of 1979 did not create a domestic court separate from the Civil District Court, with separate exclusive jurisdiction. The act mandated the creation of a domestic section within the Civil District Court in order to facilitate the handling of domestic matters by the court. The act did not change the jurisdiction of the court.
Any judge properly presiding over a division of the Civil District Court has the authority to hear any matter over which the court has jurisdiction. Rules concerning the allotment of cases to different divisions and the transfering of cases among divisions are designed to promote efficient internal court procedure in the interest of fairness and judicial economy. The rules do not create or limit jurisdiction.
Husband has not alleged that he suffered any prejudice as a result of the transfer. Judge Duran and Judge DiRosa saw the transfer as being in compliance with their own court rules. See: Rules of the Civil District Court for the Parish of Orleans, Rules 3 and 8.5. The record contains nothing to demonstrate that the transfer was improper or that husband suffered any harm. The proper procedural device for review of an order transferring a case from one division of the Civil District Court to another is by application for writs. Had this been the only issue on appeal we would have dismissed the appeal. See Succession of Williams, 153 La. 206, 95 So. 607 (1923); compare with Dupont v. Dupont, 392 So.2d 158 (La.App. 1st Cir.1980); Communication Counselors Network, Inc. v. Burger Chef of Louisiana, Inc., 291 So.2d 849 (La.App. 4th Cir.1974); Broussard v. Liberty Mutual Insurance Co., 204 So.2d 714 (La.App. 3d Cir.1967), application denied, 251 La. 753, 206 So.2d 97 (1968). On appeal we will not interfere with the transfer of cases between the divisions of the district court absent a showing that the appellant suffered prejudice as a direct result of the transfer.
Appellant-husband has also argued that the trial court erred by not allowing husband's counsel to testify. After the parties testified, husband's counsel stated, "I want to take the stand." [Tr. Vol. II, p. 51] The trial judge told him that he could not testify and provided him with brief reasons for that ruling. Husband's counsel then stated, "All right." [Tr. Vol. II, p. 52] Counsel did not object, provide the court with reasons why he should be allowed to testify, proffer his testimony, or make a statement setting forth the nature of his testimony. See La.C.C.P. Art. 1636.
The record indicates that counsel acquiesced in the ruling of the trial court. He did nothing to preserve the issue for appellate review. It is incumbent upon counsel who contends his evidence was improperly excluded to make a proffer, and if he fails to do so, he cannot contend such exclusion was error. Jeffers v. Amoco Production Company, 405 So.2d 1227 (La. App. 1st Cir.1981). Counsel's statements in his appellate brief are not sufficient to preserve the issue for appellate review.
Lastly, appellant argues that the trial court judgment is manifestly erroneous. Which list of moveable property was representative *97 of the agreement reached by the parties at the first hearing is clearly a question of fact. Judge DiRosa presided over the first hearing wherein the parties reached their settlement agreement and dictated it into the record. Judge DiRosa also presided over the second hearing and, as the finder of fact, determined that the list designated as "Mrs. Grusich No. 6" was the list which represented the terms of the settlement agreement, and he ordered that this list be used in consummating the settlement agreement.
We have reviewed the entire record and have found nothing to indicate that the judge's finding of fact was in error. Consequently, we will not disturb this finding of fact. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Accordingly, the judgment of the district court is affirmed. All costs are to be paid by appellant-husband.
AFFIRMED.