487 So.2d 587 (1986)
Michael MOLIERE
v.
Michael WRIGHT and New Orleans Public Service, Inc.
No. CA-4555.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
Kernan A. Hand, Kenner, for Michael Moliere, plaintiff-appellee.
Charlton B. Ogden, II, New Orleans, for Michael Wright and New Orleans Public Service Inc., defendants-appellants.
Before GARRISON, BYRNES and WARD, JJ.
BYRNES, Judge.
New Orleans Public Service (NOPSI) appeals a jury award in favor of Michael Moliere (Moliere). As compensation for injuries received from a collision with a NOPSI bus, the jury awarded Moliere $109,000.00. Under the comparative negligence statute, this sum was reduced to $81,750.00 on the jury's finding Moliere was 25% at fault.
On appeal, NOPSI contends that on the basis of the evidence produced at trial, it was manifest error for the jury to find Moliere only 25% at fault. NOPSI also contends that it was reversible error for the trial court to exclude testimony from the investigating officer. Having reviewed the record, we find these contentions to be without merit and affirm the decision of the trial court.
At 10:30 p.m. on August 1, 1982, a NOPSI bus and a bicyclist, Michael Moliere, collided. Moliere testified that he was making a right turn from Basin Street onto Conti, when a bus made a right turn at the same time. Moliere further testified that although he made several attempts to avoid a collision, the bus clipped his rear tire, throwing him under the bus, and causing multiple injuries.
Michael Wright, the NOPSI bus driver, testified that he passed Moliere in midblock *588 on Basin Street. After he completed his right turn onto Conti, he felt a thump on the right side of the rear of the bus. He claims that since he never saw Moliere, Moliere must have run into the bus.
Absent a showing of manifest error, we will not overturn the findings made by the trier of fact. Arceneaux v. Dominigue, 365 So.2d 1330 on remand 377 So.2d 1262, writ denied 374 So.2d 660 (La.1978).
A close review of the records reveals considerable evidence to support the decision of the trial court apportioning 75% of the fault to NOPSI. Two expert witnesses, testifying on behalf of the plaintiff, agreed that the accident could not have happened as NOPSI claims.
Dr. Oscar Griffith, a physicist and accident reconstructionist, testified that if the vehicles had been traveling at the speeds estimated by the driver, and the bus had completely passed Moliere before the accident, the bicyclist could not have caught up to the bus.
Dr. Raymond Burkart, an accident reconstructionist, concluded that Moliere's testimony is consistent with the actual damage done to the bicycle. A photograph of the bike in evidence proves that it was hit from behind. Burhart testified that if Moliere had hit the bus, the damage would be to the front of the bike.
NOPSI also contends that the trial judge erred by excluding testimony of the investigating officer on the ground that it contained inadmissable hearsay statements made by Moliere. When a trial judge rules the testimony of a witness inadmissable, an offer of proof, or proffer, may be made. C.C.P. Art. 1636. Counsel who contends his evidence has been improperly excluded, must proffer it. Without a proffer, there is no record of the evidence for this court to review on appeal. Having made no proffer of the investigating officer's testimony, appellant may not complain of this alleged error on appeal. Burrell v. Schlesinger, 459 So.2d 1195, 1199 (La.App. 4th Cir.1984); Engineered Mechanical Services v. Langlois, 464 So.2d 329, 340 (La.App. 1st Cir.1984); Gruisch v. Gruisch, 447 So.2d 93, 96 (La.App. 4th Cir.1984); Jeffers v. Amoco Production Co., 405 So.2d 1227, 1229 (La.App. 1st Cir. 1981).
For the foregoing reasons, we affirm the decision of the trial court at appellant's cost.
AFFIRMED.