YELVERTON, Judge.
An action (other than certain succession proceedings) is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. La.Code Civ.P. art. 561. The issue in this case is whether an action is abandoned by the passage of five years without formal action before the court and on the record following rendition of judgment but before the signing of a final judgment.
The procedural facts are these: V.C. Nora, Jr., injured in a truck accident in 1979, filed suit in 1980 against the driver of the other vehicle, John L. Davis, and Davis’ employer, Lewis Stanford. Davis was served, but Stanford was not then served with process. A judgment of default was confirmed against Davis in 1983 for a monetary award. No formal judgment was ever signed.
In 1992, nine years later, Nora amended his suit to add the insurer of the other vehicle, Occidental Fire & Casualty Company of North Carolina. Nora also presented a judgment against Davis to the judge for signature. Occidental and the other two defendants moved to dismiss the entire case for lack of prosecution for a period of five years. The trial judge granted the motion and dismissed the case. Believing that the case against Davis had been abandoned and that the default judgment rendered was therefore a nullity, the trial judge refused to sign the judgment against Davis. Nora appealed. We reverse.
For the purpose of La.Code Civ.P. art. 561, a “step” in the prosecution or defense is taken when a party “takes formal action, before the court and on the record, intended to hasten the matter to judgment.” Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983). In the present case, no formal action, before the court and on the record, was taken after the confirmation of default in 1983. When the default was confirmed in 1983, the minutes of court reflected “Judgment to be signed”, but it never was. There is no evidence in this record at all to indicate whether a judgment was ever presented for signature, or whether any other attempts were made by plaintiff to get a judgment signed.
La.Code Civ.P. art. 1911 provides that, except as otherwise provided by law, every final judgment shall be signed by the judge. The present case is not one of the exceptions. As noted in the comments under La.Code Civ.P. art. 1918, the purpose of the article is to eliminate the confusion between the rendition and signing of judgments, and the time judgments become legally effective. When there are only written reasons and no separate signed judgment, there is no final judgment. White v. West Carroll Hosp., Inc., 613 So.2d 150 (La.1992). The rendition of a judgment and the signing of a judgment are not one and the same step in the prosecution of a case. They are two steps.
The trial judge concluded that once Nora failed to take any step in the prosecution of the action for five years after the confirmation of default, it was abandoned. Reasoning that the abandonment of the action nullified everything that had happened earlier, the trial judge refused to sign the formal judgment of default rendered in 1983.
The reason we reverse is based on language from Bryant v. Travelers Insurance Co., 288 So.2d 606 (La.1974) and Barton v. Burbank, 138 La. 997, 71 So. 134 (1916). These cases state the rule that when a case is submitted for decision, the statute relating to abandonment is inapplicable. Bryant, 288 *311 So.2d at 609. The idea of the statute is to hold a plaintiff responsible for delay attributable to his nonaction in and failure to prosecute his suit up to the point at which the court is placed in a position to render judgment. Barton, 138 La. at 996, 71 So. at 134.
We interpret Bryant v. Travelers Insurance Co. and Barton v. Burbank to hold that a ease can be abandoned for nonaction in and failure to prosecute a suit up to the point where a court is placed in position to render a judgment, but not thereafter. In those eases where the trial judge must sign the final judgment, as here, it is a mandatory function. La.Code Civ.P. art. 1911. Thus, even though the execution of a final judgment is another “step” in the prosecution of the case to judgment, the requisite participation by the trial judge in the taking of that step precludes a finding that it is the sole responsibility of the attorney for the plaintiff (or the defendant) to take the case to final judgment. This appears to be the rationale for holding that once a case reaches the point at which the court is placed in a position to render judgment, the civil procedure code article relating to abandonment is inapplicable.
For these reasons, we reverse and remand the ease for further proceedings. Appellees will pay the costs of this appeal.
REVERSED AND REMANDED.
STOKER, J., concurs in the result.