I «WOODARD, Judge.
Plaintiffs-appellants move to dismiss the suspensive appeal filed on behalf of defendant-appellant, Continental Casualty Company. For the reasons given below, we grant the motion and dismiss the suspen-sive appeal, maintaining the appeal as de-volutive.
Jaymie Edwards was struck while assisting the directing of traffic around the scene of a prior accident. Among the defendants named in the suit arising out of this incident were Sheriff Wayne McEl-veen of the Calcasieu Parish Sheriffs Office and the sheriffs insurers, including Sphere Drake Insurance, p.l.c. Judgment was rendered in favor of the plaintiffs casting Sphere Drake for a portion of the damages “subject to” its policy limits.
The sheriff and Sphere Drake took a suspensive appeal from the final judgment. The surety on the suspensive appeal bond for this appeal was Continental Casualty. This court, although amending the trial court’s judgment, affirmed the ruling. Edwards v. Daugherty, 97-1542 (La.App. 3 Cir. 3/10/99); 729 So.2d 1112, writs denied, 99-1393 and 99-1434 (La.9/17/99); 747 So.2d 1105.
Having lost in its attempts to have the lower ' court’s ruling reversed, Sphere Drake filed a petition to deposit the policy proceeds into the registry of the court. Sphere Drake claimed that while plaintiffs’ claims were being litigated, its aggregate policy limits were being depleted. Thus, Sphere Drake only deposited Three Hundred Thirty-Four Thousand Dollars ($334,000.00) into the court’s registry.
The plaintiffs withdrew the amount deposited by Sphere Drake; however, the plaintiffs also filed a Motion for Judgment Against Surety on Appeal Bond. Plaintiffs contended in the motion that the surety, Continental Casualty, was liable to the plaintiffs for Nine Hundred Sixty Thousand Nine Hundred Eighty-One Dollars and Twenty-One Cents ($960,981.21) since Sphere Drake had refused to pay the plaintiffs |4the full amount to which the plaintiffs claimed the judgment cast Sphere Drake. After a hearing was held on February 24, 2000, the district court signed a judgment casting Continental Casualty in judgment for the amount sought against it by the plaintiffs.
Continental Casualty filed this suspen-sive appeal seeking review of this judgment. The trial court set the appeal bond at Nine Hundred Sixty-Five Thousand Dollars ($965,000.00). While a bond in this amount was filed, the plaintiffs challenged the sufficiency of this bond. The trial court held a hearing on the matter on April 19, 2000. At this hearing, the trial court orally rendered judgment increasing the bond to One Million Three Hundred Thousand Dollars ($1,300,000.00). A written judgment memorializing this ruling was signed by the trial court on May 5, 2000.
The record in this appeal was lodged in this court on May 2, 2000. On May 5, *613 2000, the plaintiffs filed their motion to dismiss the suspensive appeal. The plaintiffs contend that the four day delay set forth in La.Code Civ.P. art. 5124 for the filing of the new or supplemental bond by Continental Casualty started to run on the day following the trial court’s oral rendition of judgment on April 19, 2000. Contrarily, Continental Casualty argues that the delay for filing the new or supplemental bond did not begin to run until the trial court signed the written judgment on May 5, 2000.
The pertinent language from La.Code Civ.P. art. 5124 states:
Within four days, exclusive of legal holidays, of the rendition of judgment holding the original bond insufficient or invalid, or at any time if no rule to test the original bond has been filed, the party furnishing it may correct any defects therein by furnishing a new or supplemental bond, with either the same surety if solvent, or a new or additional surety.
The parties herein disagree as to the interpretation to be ascribed to the phrase “rendition of judgment”. The plaintiffs posit that the trial court’s oral ruling that the original bond was insufficient constituted “rendition of judgment” for purposes of | Kthis article. Continental Casualty contends that the trial court had to sign a written, judgment before the four day delay could begin to run. No jurisprudence which directly addresses this point has been cited to this court.
This court has discussed the disparity between the phrase “rendition of judgment” and “signing of judgment”. In Nora v. Stanford, 625 So.2d 309 (La.App. 3 Cir.1993), vacated on other grounds, 93-3061 (La.2/14/94); 633 So.2d 1209, this court observed:
La.Code Civ.P. art.1911 provides that, except as otherwise provided by law, every final judgment shall be signed by the judge. The present case is not one of the exceptions. As noted in the comments under La.Code Civ.P. art.1918, the purpose of the article is to eliminate the confusion between the rendition and signing of judgments, and the time judgments become legally effective. When there are only written reasons and no separate signed judgment, there is no final judgment. White v. West Carroll Hosp., Inc., 613 So.2d 150 (La.1992). The rendition of a judgment and the signing of a judgment are not one and the same step in the prosecution of a case. They are two steps.
625 So.2d at 310 (emphasis added). See also Bankers Ins. Co. v. State, 32460, p. 4 (La.App. 2 Cir. 10/27/99); 743 So.2d 870, 872 (noting in a bond forfeiture case that “The [legislative] amendment to [La.]R.S. 15:85 removed rather ambiguous references to entry and rendition of judgment, replacing them with a clear requirement for a signed, written judgment of bond forfeiture.”)(Emphasis supplied). Thus, we find that a distinction exists between the rendition of judgment and the signing of judgment.
In this regard, this court observes that the trial court’s ruling that the original bond was insufficient did not address the merits of this case, but only an incidental matter arising within the context of the litigation. Therefore, we find that the ruling is interlocutory pursuant to La.Code Civ.P. art. 1841. The jurisprudence has repeatedly held that interlocutory judgments need not be written provided the judgment is entered into the court minutes. See Clement v. American Motorists Ins. Co., 98-504 (La.App. 3 Cir. 2/3/99); 735 So.2d 670, writ denied, 99-603 (La.4/23/99); 742 So.2d 886. The record reveals that the trial court’s judgment increasing the bond to $1,300,000.00 rendered with counsel for plaintiffs and Continental Casualty present was entered into the court minutes. Accordingly, we hold that the four day delay for providing a new or supplemental bond began running on February 15, 2000.
*614 Since Continental Casualty admits that the supplemental bond was filed May 10,^ 2000, the supplemental bond was filed untimely and the suspensive appeal is therefore dismissed. However, as no bond is required for the perfection of a devolutive appeal under La.Code Civ.P. art. 2124, this court maintains this appeal as devolutive. See Landry v. Hornsby, 544 So.2d 55 (La.App. 3 Cir.1989).
MOTION GRANTED. SUSPENSIVE APPEAL DISMISSED; APPEAL MAINTAINED AS A DEVOLUTIVE APPEAL.