364 So.2d 193 (1978)
OLD JEFFERSON CIVIC ASSOCIATION, INC.
v.
PLANNING COMMISSION FOR the CITY OF BATON ROUGE and the PARISH OF EAST BATON ROUGE.
No. 12225.
Court of Appeal of Louisiana, First Circuit.
October 9, 1978.
Rehearing Denied November 20, 1978.
*194 Stephen M. Irving, Baton Rouge, for plaintiff-appellee Old Jefferson Civic Ass'n, Inc.
Stephen R. Wilson, Asst. Parish Atty., Baton Rouge, for defendants-appellants Planning Commission for the City of Baton Rouge and the Parish of East Baton Rouge.
J. David McNeill, III, Baton Rouge, for defendant-appellee Jefferson Hills, Inc.
James F. Pierson, Jr., Baton Rouge, for defendant-appellee D'Agostino & Ellzey Dev. Co.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
LOTTINGER, Judge.
This is a suit by the Old Jefferson Civic Association, Inc., and others, against the Planning Commission for the City of Baton Rouge and the Parish of East Baton Rouge, the City of Baton Rouge, the Parish of East Baton Rouge and the Baton Rouge-East Baton Rouge City-Parish Council seeking an injunction and writs of mandamus ordering the holding of public hearings prior to the granting of final approval of, and the erasure of the words "preliminary approval granted" on plats submitted for the development of land bordering property owned by plaintiffs. The developers of the property intervened.
Facts were stipulated by all parties that plats were submitted concerning the development of Old Jefferson Subdivision, East Baton Rouge Parish, that preliminary approval was granted without a public hearing, and that no public hearings were contemplated.
The trial judge issued a writ of mandamus ordering the holding of public hearings prior to granting final approval to those plats at issue which had not already been finally approved, and ordered the removal of the words "preliminary approval granted" from those plats not finally approved. He further issued a preliminary injunction enjoining, restraining and prohibiting granting of final approval to those plats not already finally approved without holding a public hearing under the provisions of LSA-R.S. 33:113.
The defendants, Planning Commission for the City of Baton Rouge and the Parish of East Baton Rouge, the City of Baton Rouge and the Parish of East Baton Rouge have appealed, and the plaintiff, Old Jefferson Civic Association, Inc., has answered the appeal seeking frivolous appeal damages.
Appellants contend the trial judge erred in finding that LSA-R.S. 33:101 et seq. *195 requires a public hearing prior to final approval of subdivisions under the circumstances present in the instant case. They divide their argument into the following issues: (1) are the provisions of LSA-R.S. 33:101 et seq. mandatory in a situation where the subdivision regulations are not enacted by the Planning Commission but are a part of a comprehensive subdivision ordinance enacted by the legislative body of the parish and/or municipality; (2) are the provisions of LSA-R.S. 33:101 et seq. binding upon the City of Baton Rouge and the Parish of East Baton Rouge which operates under a special plan of government; and (3) is a hearing required in all cases prior to final approval of plats in situations controlled by LSA-R.S. 33:113, or are such hearings mandated only in the event of a contemplated disapproval by the Commission?

ISSUES NOS. 1 & 2
Baton Rouge operates under a special form of government and though we indicated in Schwing v. City of Baton Rouge, 249 So.2d 304 (La.App. 1st Cir. 1971) writ refused, 259 La. 770, 252 So.2d 667 (1971), that subdivision regulations may be an inherent power, when the City and Parish Councils adopted their comprehensive ordinances to regulate subdivision development, they specifically by reference adopted LSA-R.S. 33:101 et seq. and vested in a Planning Commission approval power over proposed subdivisions.[1]
Under Article 6, § 4 of the Louisiana Constitution of 1974 the plan of government adopted by the City of Baton Rouge, Parish of East Baton Rouge remains in existence and retains the powers, functions and duties in effect at the time of the adoption of the constitution. Under Article 14, § 3(a) of the Louisiana Constitution of 1921 Baton Rouge's plan of government was "subject to the constitution and laws of this state with respect to the powers and functions of local government, as distinguished from structure, organization and particularly distribution and redistribution of such powers and functions among the several units of local government within the Parish . . ." In forming the Planning Commission, the City-Parish Government created a structure of local government whose powers and functions remain subject to the constitution and laws of this state.
Therefore, based on the 1974 and 1921 Louisiana Constitutions, the Baton Rouge City Code and East Baton Rouge *196 Parish Code, we find no error on the part of the trial court in applying LSA-R.S. 33:101 et seq. to the Planning Commission for the City of Baton Rouge and Parish of East Baton Rouge.

ISSUE NO. 3
Upon determining LSA-R.S. 33:101 et seq. to be applicable, we concur with the opinion of the trial judge. Judge Alford in his written reasons for judgment concluded:
"It is the opinion of this Court that there is a clear and specific duty on the part of the Planning Commission to afford a hearing on a plat submitted to it before acting upon that plat by granting it final approval. The Commission may have discretion to approve or disapprove the plat, but it has no discretion, according to the clear words of Art. 113 [LSA-R.S. 33:113], not to hold a hearing on the plat. Plaintiff is entitled to the issuance of a writ of mandamus commanding the Planning Commission, the Council, and the City-Parish to hold public hearings prior to granting final approval to preliminary plats of property in the Third and Fourth Filings of Old Jefferson Subdivision and the proposed Jefferson Park Development.
It is strenuously argued by appellants that no hearing is mandated under LSAR.S. 33:113, since by inactivity final approval is awarded by operation of law.[2]
The obvious intention of that section providing for approval by operation of law is to prohibit disapproval by the Planning Commission's inactivity. Our interpretation of LSA-R.S. 33:113 is that upon submission of a plat, the Planning Commission must fix a date within 60 days of submission for a hearing along with notifying both the party submitting the plat and the owners of the land immediately adjoining the platted land. The Planning Commission cannot grant approval or disapproval without such a hearing and the trial court has the power to issue a writ of mandamus to compel the Commission to hold such hearings. LSA-C.C.P. art. 3863.
Appellee has answered this appeal requesting that this court hold the appeal to *197 be frivolous and without cause along with the awarding of their attorney fees. We cannot agree with appellee that this appeal is in any way frivolous. This appeal has serious merit and was clearly not instituted solely for delay purposes; thus we reject appellee's request for attorney fees as damages for a frivolous appeal. Jackson v. East Baton Rouge Parish School Board, 348 So.2d 739 (La.App. 1st Cir. 1977).
Finally, the intervenor, Jefferson Hills, Inc. filed in this court a brief as appellee which requests an amendment to the final judgment. The record is void as to any motion for appeal or any pleading by the intervenor answering the appeal. Necessarily then, the relief prayed for by the intervenor cannot be considered.
Therefore, for the above, and foregoing reasons the judgment of the trial court is affirmed; appellant to pay all costs of this appeal as allowed by law.
AFFIRMED.
NOTES
[1] Baton Rouge City Code Title 7, Chapter 1:

"PART II. SUBDIVISION REGULATIONS.
"Sec. 2. Authority and purpose.
"In accordance with the provisions of La. R.S. 33:101, et seq., and particularly La. R.S. 33:112 thereof, and in order to promote the health, safety, convenience, morals, and general welfare of the community, to provide for the proper arrangement and width of streets in relation to other existing or planned streets and to the master plan, and to provide for adequate and convenient open spaces for traffic, vehicular parking, utilities, access of fire-fighting apparatus, recreation, light and air for the avoidance of congestion of population, the following regulations are adopted by the Planning Commission of the City of Baton Rouge and the Parish of East Baton Rouge.
* * * * * *
"Sec. 4. Definitions.
"For the purpose of these regulations, certain terms used herein are defined as follows:
* * * * * *
(2) Commission: The City and Parish Planning Commission of the City of Baton Rouge and the Parish of East Baton Rouge.
* * * * * *
"Sec. 5. Jurisdiction.
"Every subdivision of land or site or tract development, as outlined in the definitions in section 4, paragraphs (12) and (14), within the incorporated area of the City of Baton Rouge and the unincorporated areas of the Parish of East Baton Rouge, except Industrial Areas as defined in the Plan of Government, shall be shown upon a plat and submitted to the Commission for approval or disapproval. * * *."
By footnote, the official edition of the Baton Rouge City Code provides:
"By companion ordinances enacted 27 April, 1955, the city and parish adopted the same subdivision regulations. These regulations are set out as Chapter 1 of Title 7 in this Code and are not included in the Compilation of Parish Ordinances. It should be stressed, however, that the subdivision regulations set out in this Code are equally applicable to both city and parish."
[2] LSA-R.S. 33:113 provides:

"A planning commission shall approve or disapprove a plat within sixty days after the submission thereof to it; otherwise such plat shall be deemed to have been approved, and a certificate to that effect shall be issued by such commission on demand. The applicant for a commission's approval may, however, waive this requirement and consent to an extension of such period. The ground of disapproval of any plat shall be stated upon the records of such commission. Any plat submitted to such commission shall contain the name and address of a person to whom notice of a hearing shall be sent; and no plat shall be acted on by such commission without affording a hearing thereon. Notice shall be sent to the said address by certified mail of the time and place of such hearing not less than five days before the date fixed therefor. Similar notice shall be mailed to the owners of land immediately adjoining the platted land, as their names appear upon the parish assessment rolls and, in the case of a parish planning commission, as such owners' addresses appear in the directory of the parish; provided, however, that in parishes or municipalities with a population in excess of one hundred fifty thousand, the public hearing may be waived by the planning commission or planning authority for subdivisions creating five or less lots not involving the creation of any new streets, and provided further that the provisions in such waivers shall be clearly set forth in the official subdivision regulations. Every plat approved by a planning commission shall, by virtue of such approval, be deemed to be an amendment of or an addition to or a detail of the official plan and a part thereof. Approval of a plat shall not be deemed to constitute or effect an acceptance by the public of any street or other open space shown upon the plat. A planning commission may, from time to time, recommend to the local legislative body amendments to the zoning ordinance or map or additions thereto to conform to such commission's recommendations for the zoning regulation of the territory comprised within approved subdivisions.
"In the case of a parish planning commission, such requirements or restrictions shall be stated upon the plat prior to the approval and recording thereof and shall have the same force of law and be enforceable in the same manner and with the same sanctions and penalties and subject to the same power of amendment or repeal as though set out as a part of a zoning ordinance or map. Amended by Acts 1966, No. 498, § 1; Acts 1975, No. 556, § 1; Acts 1977, No. 108, § 1."