409 So.2d 354 (1981)
SHENANDOAH PARK CIVIC ASSOCIATION, INC.
v.
Kenneth ELLZEY, R. J. D'Agostino and the City Parish Planning Commission of East Baton Rouge.
No. 14483.
Court of Appeal of Louisiana, First Circuit.
December 22, 1981.
Rehearing Denied February 18, 1982.
Michael R. Connelly, Baton Rouge, for plaintiff-appellant Shenandoah Park Civic Ass'n, Inc.
*355 Curtis K. Stafford, Jr., Baton Rouge, for defendant-appellee J. R. D'Agostino.
Samuel A. Bacot, Baton Rouge, for defendant-appellee Kenneth W. Ellzey.
Steve Wilson, Baton Rouge, for defendant-appellee City Parish Planning Com'n of East Baton Rouge Parish.
Before COVINGTON, CHIASSON and COLE, JJ.
CHIASSON, Judge.
This is a suit for preliminary and permanent injunction preventing developers of Shenandoah Square Subdivision, which is being developed by defendant Kenneth Ellzey, from building an open sewerage treatment plant in that subdivision until a properly called meeting of the City-Parish Planning Commission, East Baton Rouge Parish, is held. Plaintiff is Shenandoah Park Civic Association, Inc., a non-profit corporation formed by landowners in Shenandoah Park Subdivision. The trial court denied the preliminary injunction, and plaintiff appealed. We reverse.
Shenandoah Square Subdivision is a subdivision in the process of development adjacent to Shenandoah Park Subdivision, a developed subdivision with substantial homes. There was testimony that the building of a sewerage treatment plant adjacent to Shenandoah Park would reduce property values. No testimony was adduced to the contrary.
An original layout of a subdivision to be developed by defendant Ellzey and defendant R. J. D'Agostino, which encompassed a larger area than the plan for the presently proposed Shenandoah Square, was approved by the Planning Commission for the City-Parish on October 20, 1978. Thereafter, a revised plan for Shenandoah Square was submitted and given preliminary approval after a public hearing on March 10, 1980. The revised plan included a sewerage treatment plant adjacent to Shenandoah Park. Thereafter, a newly revised plan for Shenandoah Square involving town houses was submitted to the Planning Commission, and received preliminary approval on November 10, 1980, after public hearing. The newly revised plan approved November 10, 1980, did not change the location of the proposed sewerage treatment plant.
The principal issue raised by plaintiff Shenandoah Park Civic Association is the sufficiency of the notice given adjacent landowners in Shenandoah Park of the public meetings of the Planning Commission held March 10, 1980, and November 10, 1980.
The City-Parish Planning Commission is a creature of the City-Parish of East Baton Rouge, but is subject to the rules for city and parish planning commissions set forth in Title 33 of the Revised Statutes of this state.[1] The provision of the Revised Statutes regulating procedure of a planning Commission is LSA-R.S. 33:113, which reads as follows:
"A planning commission shall approve or disapprove a plat within sixty days after the submission thereof to it; otherwise such plat shall be deemed to have been approved, and a certificate to that effect shall be issued by such commission on demand. The applicant for a commission's approval may, however, waive this requirement and consent to an extension of such period. The ground of disapproval of any plat shall be stated upon the records of such commission. Any plat submitted to such commission shall contain the name and address of a person to whom notice of a hearing shall be sent; and no plat shall be acted on by such commission without affording a hearing thereon. Notice shall be sent to the said address by certified mail of the time and place of such hearing not less than five days before the date fixed therefor. Similar notice shall be mailed to the owners of land immediately adjoining the platted land, as their names appear upon the parish assessment rolls and, in the *356 case of a parish planning commission, as such owners' addresses appear in the directory of the parish; provided, however, that in parishes or municipalities with a population in excess of one hundred fifty thousand, the public hearing may be waived by the planning commission or planning authority for subdivisions creating five or less lots not involving the creation of any new streets, and provided further that the provisions in such waivers shall be clearly set forth in the official subdivision regulations. Every plat approved by a planning commission shall, by virtue of such approval, be deemed to be an amendment of or an addition to or a detail of the official plan and a part thereof. Approval of a plat shall not be deemed to constitute or effect an acceptance by the public of any street or other open space shown upon the plat. A planning commission may, from time to time, recommend to the local legislative body amendments to the zoning ordinance or map or additions thereto to conform to such commission's recommendations for the zoning regulation of the territory comprised within approved subdivisions.
"In the case of a parish planning commission, such requirements or restrictions shall be stated upon the plat prior to the approval and recording thereof and shall have the same force of law and be enforceable in the same manner and with the same sanctions and penalties and subject to the same power of amendment or repeal as though set out as a part of a zoning ordinance or map."
Notice of the public hearings held on March 10, 1980, and November 10, 1980, if we accept testimony submitted on behalf of the Planning Commission as true, were mailed to the developers and all landowners, the developers having been notified by certified mail and the landowners by regular mail.[2] That procedure, we find, fails to measure up to the statutory requirements of LSA-R.S. 33:113.
The two key sentences are the following:
"Notice shall be sent to the said address by certified mail of the time and place of such hearing not less than five days before the date fixed therefor. Similar notice shall be mailed to the owners of land immediately adjoining the platted land, as their names appear upon the parish assessment rolls and, in the case of a parish planning commission, as such owners' addresses appear in the directory of the parish...."
Thus notice is required to be sent to developers by certified mail by the first sentence quoted above, and "Similar notice" is to be mailed landowners of adjacent property. "Similar notice" obviously means the same kind of notice, viz. notice by certified mail. As may be seen from a reading of the statute, the developer is the moving party in obtaining the hearing. Therefore, notice given the landowners should be subject to requirements at least as strict and exacting as notice given the developers. The statute clearly indicates that both are to be given "similar notice", and we find that notice similar to certified mail to developers is certified mail to landowners. The statute is clear that landowners must be given notice by certified mail.
Thus, the preliminary injunction sought was improperly denied. The building of the sewerage treatment plant should be enjoined until legally sufficient notice of a new public hearing is furnished all parties, landowners and developers, and a new public hearing held thereafter in accordance with such notice.
The judgment of the trial court is reversed and the matter remanded for proceedings consistent with this opinion, all costs to await final disposition of the matter.
REVERSED AND REMANDED.
NOTES
[1] For a brief history of the City-Parish Planning Commission, and an exposition of its powers and functions, see Old Jefferson Civic Assn. v. Planning Comm., 364 So.2d 193 (La.App. 1st Cir. 1978).
[2] Many landowners assert that they received no notice in any form.