438 So.2d 618 (1983)
BROWNLEE DEVELOPMENT CORPORATION, Plaintiff-Appellant,
v.
Larry TAYLOR, et al., Defendants-Appellees.
Nos. 15867-CA, 15802-CW.
Court of Appeal of Louisiana, Second Circuit.
September 12, 1983.
*619 Thomas & Burchett by Dewey E. Burchett, Jr., Bossier City, for plaintiff-appellant.
Henry N. Brown, Jr., Dist. Atty., Bossier City, for defendants-appellees.
Before PRICE, MARVIN and JASPER E. JONES, JJ.
MARVIN, Judge.
This appeal and writ application in a mandamus action presents an apparent conflict between general and special statutes regarding the authority and responsibility of the respective public officials and agencies in Bossier Parish whose approval of a subdivision plat is required before a subdivider may legally sell lots in the subdivision.
The issues are:
whether the Bossier Metropolitan Planning Commission must hold a public hearing before approving a plat,
whether the Bossier Parish Police Jury may override the approval of a plat by the MPC and direct the parish engineer not to approve the plat, and,
whether these respective duties are ministerial to some degree.
The general law relating to planning commissions and approval of subdivision plats is LRS 33:101 et seq. The special law under which the Bossier MPC was created is Act 189 of 1954.

FACTS
The subdivider, Brownlee, obviously has developed residential subdivisions in units with the plat of each unit being approved by the proper authorities in Bossier as development of each unit becomes feasible. In 1978 Brownlee gained the approval of its Unit No. 5 from the MPC and from the Bossier engineer and police jury. The lots in the 1978 Unit No. 5 plat were 80 feet in width. Notwithstanding approval of the public agencies and officials, the 1978 Unit No. 5 plat was not recorded on the public records as required by law. The record does not show whether any Unit No. 5 lots were sold according to the 1978 plat.
In 1983, Brownlee replatted Unit No. 5 to reduce the size of the lots to 55 feet and presented this plat for approval by the Bossier MPC as the law requires. The MPC approved the plat and Brownlee then presented the plat to the parish engineer.
Approximately 100 persons, styling themselves as owners of Brownlee Estates residential lots, signed petitions protesting that the reduction in the size of the Unit No. 5 lots would potentially devalue their property. On the instructions of his employer, the *620 Bossier Parish Police Jury, the parish engineer refused to approve the Unit No. 5 plat. Several of the lot owners and their counsel appeared at a police jury meeting to further protest approval of the plat. The jury then formally refused to instruct the engineer to approve the plat.
After that meeting, Brownlee sued the engineer and the police jury in a mandamus action, contending that the engineer's approval was solely ministerial and not discretionary, that the police jury was without legal authority to override the Bossier MPC, and that the engineer should be ordered to approve the plat where it otherwise conformed with law and the rules of the Bossier MPC and had been approved by the Bossier MPC. The trial court pretermitted these issues and held that the approval by the MPC was invalid because the MPC had not held a public hearing as required by LRS 33:113 before approving the plat.
At this juncture we observe that the general law in LRS 33:113 requires a public hearing in all cases, while the special law requires a public hearing only when the Bossier MPC "disapproves" a plat. Art. 3, § 3, Act 189 of 1954.
After the trial judge in the present action denied Brownlee's mandamus demand, Brownlee sought our supervisory review, alleging that the delay inherent in an ordinary appeal would cause irreparable injury. We directed the parish officials to respond to the application and file briefs. To protect itself in the event we summarily denied the writ application on the grounds that it had an adequate remedy by appeal, Brownlee perfected an appeal. We lodged the record in that appeal and have now consolidated the appeal and the application for writs in the interest of judicial economy and shall address the issues presented.
The statutory design relating to the subdividing and development of land has been explained in several cases. See e.g., Christopher Estates v. Parish, etc., 413 So.2d 1336 (La.App. 1st Cir.1982). Minimum standards for the platting of subdivisions are set forth in LRS 33:5051. Greater standards may be imposed directly by municipalities and parishes or through planning commissions created under statutory authority. See LRS 33:102, 112, 131, 140, 401 A.(15), and Art. 3, § 5 of Act 189 of 1954.
The rules of the Bossier MPC require that a subdivision plat be approved by the MPC and by the parish engineer when the property platted is outside the municipal limits of Bossier City. LRS 33:5051 also requires that the parish engineer approve or "certify" that the plat conforms to state and local law. Both the general law (§ 114) and the special law of 1954 (Art. 3, § 5) impose a civil penalty upon a subdivider who sells lots in a subdivision which has not been approved by the MPC.
Neither the special law nor any other statute or regulation which has been called to our attention provides under what circumstances the parish engineer may refuse to approve a subdivision plat which has been approved by the Bossier MPC and which otherwise conforms to legal standards. Similarly, we are not referred to any law or regulation that provides that the police jury may override or overrule the platting authority of a MPC.
We also note that LRS 33:117 gives a planning commission exclusive authority over subdivision plats where the commission has adopted a major street and road plan in accord with law.
The general law provides that a planning commission shall approve a plat within 60 days after the plat is submitted for approval and that no action can be taken without a hearing. LRS 33:113. The special law under which the Bossier MPC was created provides that a plat shall be approved or disapproved within 45 days after submission and that no plat shall be disapproved without affording a public hearing. Art. 3, § 3. The special law neither requires nor forbids a hearing before a plat can be approved.
The subdivider argues that the special should prevail over the general and that the Bossier MPC has never held a public hearing when the submitted plat was going to be approved.
*621 The trial court correctly stated the critical issue as whether the Bossier MPC is required to hold a hearing before approving a subdivision plat. The purpose of such a hearing is due process oriented and is to afford some notice and opportunity to the public to present issues of public health, safety, or general welfare to the platting authority insofar as those issues might be affected by the proposed subdivision plat.
The protest of neighboring property owners that a decrease in the size of lots would affect the esthetic and economic value of their lots does not, of itself, bear any real relation to the health, safety, or general welfare of the public. Christopher Estates, 413 So.2d at p. 1340. That case does not, however, answer the critical issue.
The special statute in question leaves much to be desired in failing to either require or negate a public hearing when a plat is to be approved by the Bossier MPC. We believe, however, that the special law and the general law can be considered as not in conflict. The special law itself affords some guidance and support for our interpretation. In Art. 1, § 3, of the law it is expressly provided that where other laws provide for other and additional duties, such other laws shall be applicable insofar as they do not conflict with the special law. If the public interest is served under LRS 33:113 by requiring a planning commission to hold a public hearing before approving a subdivision plat, that same public interest should be served by recognizing that the Bossier MPC has the other and additional duty and responsibility to the public to require and advertise a public hearing before approving a subdivision plat.
We have noted that LRS 33:117 grants exclusive authority over subdivision plats to a planning commission where the commission has adopted a major street and road plan in accord with law. The litigants argue as if the Bossier MPC has adopted such a plan. We presume as much. The grant of exclusive platting authority under § 117 can also be considered as an other and additional authority granted to the Bossier MPC as contemplated by Art. 1, § 3 of the 1954 special act and not in conflict with the special act. This construction would negate any review or overriding of the platting authority of the Bossier MPC by the police jury because neither the special statute nor the general statute provides for such review.
A trial court may mandamus a planning commission to hold a public hearing before approving a subdivision plat. Old Jefferson Civic Ass'n v. Planning Com'n, 364 So.2d 193 (La.App. 1st Cir.1978). The approval of the plat by the Bossier MPC is the foundation of the subdivider's action for mandamus and the invalidity of that approval, as urged by appellees, is the issue before this court. The interest of the Bossier MPC, however, is so directly affected by the judgment that a complete and equitable adjudication cannot be made without joinder of the Bossier MPC. CCP Art. 641. Certainly, where venue is proper as it is here, a public body whose official act is questioned should be deemed to be an indispensable party to an action which seeks to negate that official act. We shall then require the defendant police jury and parish engineer to join the Bossier MPC as a third party defendant in any further proceedings which question the validity of the approval of any subdivision plat by the Bossier MPC.
To avoid negating the validity of other subdivision plats which have been approved by both the Bossier MPC (presumably without a public hearing as Brownlee suggests) and by the parish engineer, our holding in this appeal shall be only of prospective effect from the date this opinion becomes final. See Succession of Clivens, 426 So.2d 585 (La.1982).

SUMMARY
In conclusion, we hold that the Bossier MPC is required by law to hold a public hearing before exercising its authority to approve or to disapprove a subdivision plat. That authority is exclusive, however, and neither the parish engineer nor the police jury may negate or override the approval of a plat by the Bossier MPC which is otherwise in conformity with law and *622 which approval has been made after a public hearing held in accord with law.
While we approve of the result dismissing the subdivider's demands for mandamus, we must set aside that judgment because of the failure of the defendants to join an indispensable party, the Bossier MPC. We shall remand this action to allow the subdivider to dismiss the action as of non-suit and without prejudice and to begin anew its efforts to gain approval of its subdivision plat from the Bossier MPC after a public hearing.
The writ application may be deemed granted and the judgment complained of is set aside and the action is remanded for further proceedings consistent with this opinion. Costs thus far, including the cost of this appeal, are assessed one-half to each litigant.