938 So.2d 1013 (2006)
Hermann MOYSE, III & Janet D. Moyse
v.
THE CITY OF BATON ROUGE, the Parish of East Baton Rouge & Dale Spillman.
No. 2005-CA-1353.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
*1014 Floyd J. Falcon, Jr., Avant & Falcon, Baton Rouge, Counsel for Plaintiffs/Appellants.
E. Wade Shows, Parish Attorney, Lea Anne Batson, Special Assistant Parish Attorney, Gwendolyn K. Brown, Assistant Parish Attorney, Baton Rouge, Counsel for Defendants/Appellees.
Panel composed of Ad Hoc Judges EDWARD A. DUFRESNE, Jr., THOMAS. F. DALEY, and FREDERICKA HOMBERG WICKER.
THOMAS F. DALEY, Judge Ad Hoc.
Plaintiffs, Hermann and Janet Moyse, appeal the denial of their petition for a Writ of Mandamus. On appeal, they argue the following two errors of the trial court:
1. The trial court erred in determining that the question of whether LSA-R.S. 33:4727 provides the exclusive method of appeal from an adverse decision of the Board of Adjustment was not before the Court and/or had no relevance to the question of whether plaintiffs were entitled to a Writ of Mandamus; and
2. The trial court erred in determining that the issuance of a building permit to the Moyses was a discretionary act, given the fact that no valid appeal of the decision of the Board of Adjustment had been timely filed: once the order of the Board was *1015 final, issuing their building permit was no longer a discretionary act.
The defendants, The City of Baton Rouge/Parish of East Baton Rouge and Dale Spillman, have filed a Peremptory Exception of Prescription in this Court, arguing that because the plaintiffs did not properly appeal the decision of the Planning Commission, their cause of action for a building permit has prescribed.
After thorough consideration of the record and the applicable law, for the reasons below assigned, we vacate the judgment of the trial court, and remand for further consideration. We deny the Exception of Prescription.

FACTS AND PROCEDURAL HISTORY
On April 30, 2004, Hermann Moyse, III and his wife, Janet, purchased Lot 4B in University Acres subdivision at municipal address 5926 Boone Avenue, Baton Rouge. On November 3, 2004, the Moyses filed an Application for Waivers with the Metropolitan Board of Adjustment. On December 20, 2004, the Board granted the Moyses' request for waivers.
On December 27, 2004, a resident of University Acres, Adam Bourgoyne, appealed the Board of Adjustment's decision to the Metropolitan Planning Commission. On February 21, 2005, the Planning Commission reversed the Board of Adjustment.
Because The City of Baton Rouge never issued a permit to the Moyses, on March 24, 2005, they filed a Petition for Writ of Mandamus, requesting that the defendants be ordered to grant them a building permit to begin construction of their residence in accordance with the waivers granted by the Board of Adjustment. The basis of appellants' suit is their contention that the exclusive method of challenging a decision by the Board of Adjustment is by filing a Petition for Judicial Review in the Nineteenth Judicial District Court within thirty days of the decision of the Board of Adjustment, as provided in LSA-R.S. 33:4727, not by appeal to the Planning Commission. Since no appeals were taken to the district court, the Moyses argue, the decision of the Board became final and they are entitled to issuance of their building permit.
The Petition for Writ of Mandamus was heard on April 22, 2005.[1] In his oral reasons for ruling, the trial court essentially agreed with plaintiffs' position that LSA-R.S. 33:4727 provided the exclusive method for appealing a decision of the Board of Adjustment, but declined to formally reach the issue. He nevertheless denied the Writ of Mandamus, finding that the issuance of a building permit was a discretionary act under LSA-R.S. 33:4773, and thus, a Writ of Mandamus would not lie. Plaintiffs filed this appeal.
Defendants filed, in this Court, an Exception of Prescription, arguing that the decision of the Planning Commission became final after appellants failed to appeal to the Metropolitan Council, as per Section 3.3 of the Unified Development Code.
On appeal, the appellants argue that the court must reach the issue of the applicability of LSA-R.S. 33:4727, because whether the issuance of their building permit became a ministerial duty once appeal delays expired depends upon resolution of whether R.S. 33:4727 applies to this case, or whether the appeal from the Board of Adjustment is governed by Section 3.3 of the Unified Development Code.
ENTITLEMENT TO WRIT OF MANDAMUS
A Writ of Mandamus may be directed to a public officer to compel the performance of a ministerial duty required *1016 by law. LSA-C.C.P. Art. 3863. In mandamus proceedings against a public officer involving the performance of an official duty, nothing can be inquired into but the question of duty on the face of the statute and the ministerial character of the duty he is charged to perform.[2]
The trial court denied the Writ of Mandamus based upon LSA-R.S. 33:4773(D), which at the time of trial, stated the following:

The performance of any enforcement procedure in connection with any building code shall be deemed to be a discretionary act and shall be subject to the provisions of R.S. 9:2798.1. In connection with the construction of any building, structure, or other improvement to immovable property, neither the performance of any enforcement procedure nor any provision of a building code shall constitute or be construed as a warranty or guarantee by an enforcement agency as to durability or fitness, or as a warranty or guarantee by an enforcement agency that said building, structure, or other improvement to immovable property or any material, equipment, or method or type of construction used therein is or will be free from defects, will perform in a particular manner, is fit for a particular purpose, or will last in any particular way. (emphasis added)
LSA-R.S. 33:4771 defines "enforcement procedure" as:
"Enforcement procedure" means any act, action, or failure to take action by a public servant or enforcement agency in connection with the implementation of any provision of a building code, including but not limited to the examination or review of any plan, drawing, or specifications, the conducting or completion of any inspection, the issuance, denial, or revocation of any permit, permission, license, or certificate, and the granting of any approval of construction.
It appears clear on the face of the above statutes that the issuance of a building permit was, at the time this suit was filed and decided, a discretionary act. The Moyses argue, however, that after the appeals delays of LSA-R.S. 33:4727 ran, the Board of Adjustment's decision to grant waivers became final and therefore, defendants' duty to issue their building permit became ministerial, rather than discretionary.
While this Court recognizes the logic in plaintiffs' argument, LSA-R.S. 33:4771 and 4773 do not draw the distinction that plaintiffs argue. Further, plaintiffs' entitlement to mandamus under those statutes, under the argument they advanced, could not be made without analysis of the competing appellate provisions noted above. Therefore, the trial court was correct in its finding that mandamus was not an available procedural remedy for plaintiffs under these facts. The trial court noted, however, that plaintiffs were not without other procedural remedies, such as a suit for declaratory judgment.
Interestingly, Acts 2005, 1st Ex.Sess., No. 12, § 1 amended LSA-R.S. 33:4773, deleting the "discretionary act" language from the beginning of subsec. D, effective November 30, 2005, during the pendency of this appeal. The trial court relied upon this language in denying the Writ of Mandamus. While we find that that trial court made a correct ruling at the time, we vacate the ruling and remand for the trial court to reconsider the case in light of the amendment to LSA-R.S. 33:4773 as noted above, and rule accordingly.
EXCEPTION OF PRESCRIPTION
Defendants argue that the plaintiffs' cause of action for issuance of a building *1017 permit is prescribed because they did not properly appeal the decision of the Planning Commission to the Metropolitan Council, as per Section 3.3 of the Unified Development Code,[3] but instead filed their Petition for Writ of Mandamus in the district court. Defendants argue that the planning and zoning authority of The City of Baton Rouge and the Parish of East Baton Rouge emanates not from the State enabling statute, LSA-R.S. 33:101 et seq., but from the provisions of the Home Rule Charter, Act 169 of 1898. Defendants argue that under the police power provisions of the Home Rule Charter, the City-Parish already had the authority to create such a Board, and therefore, the right to restrict its authority, citing Article VI, Sections 4, 6, and 15 of the La. Constitution of 1974, which state, in pertinent part:
§ 4. Existing Home Rule Charters and Plans of Government
Section 4. Every home rule charter or plan of government existing or adopted when this constitution is adopted shall remain in effect and may be amended, modified, or repealed as provided therein. Except as inconsistent with this constitution, each local governmental subdivision which has adopted such a home rule charter or plan of government shall retain the powers, functions, and duties in effect when this constitution is adopted. If its charter permits, each of them also shall have the right to powers and functions granted to other local governmental subdivisions.
§ 6. Home Rule Charter or Plan of Government; Action by Legislature Prohibited
Section 6. The legislature shall enact no law the effect of which changes or affects the structure and organization or the particular distribution and redistribution of the powers and functions of any local governmental subdivision which operates under a home rule charter.
§ 15. Local Governmental Subdivisions; Control Over Agencies
Section 15. The governing authority of a local governmental subdivision shall have general power over any agency heretofore or hereafter created by it, including, without limitation, the power to abolish the agency and require prior approval of any charge or tax levied or bond issued by the agency.
The language in the Unified Development Code establishing both the Board of Adjustment and the Planning Commission directly refutes and contradicts defendants' assertion that these agencies were established pursuant to the provisions of the Home Rule Charter: the language, highlighted below, clearly shows that these agencies were established pursuant to state law.
Section 3.03 of the Unified Development Code states:
The Planning Commission shall constitute a Parish Planning Commission in respect of that portion of the Parish outside the City of Baton Rouge and other municipalities and shall in that capacity have all the powers and duties *1018 conferred or imposed on Parish Planning Commissions by the General Laws of the State. The Planning Commission shall likewise constitute a City Planning Commission for the City of Baton Rouge and in that capacity shall have all the powers and duties conferred or imposed on City Planning Commission by the General Laws of the State. (emphasis added)
Section 3.101 of the Unified Development Code created the Board of Adjustment. It states:
A Board of Adjustment is hereby established. The membership of the Board of Adjustment, the terms of office, and the rights and duties of the said Board shall be provided in Title 33, Section 4727 of the Revised Statutes of Louisiana. (emphasis added)
These provisions of the Unified Development Code refer directly to the general laws of the state regarding the powers and duties of the Planning Commission. The powers and duties of the Planning Commission are found at LSA-R.S. 33:101 et seq. According to R.S. 33:103(F), where a parish or municipality has adopted a home rule charter and such charter provides for the establishment of a planning commission, the provisions of this Subpart concerning membership, appointment, organization, and structure shall not be applicable. In such case, any parish or municipality with a home rule charter may avail itself of the power and authority granted herein to a planning commission. (Emphasis added)
In forming the Planning Commission, The City of Baton Rouge and Parish of East Baton Rouge created a structure of local government whose powers and functions remained subject to the Constitution and laws of the State.[4] Nothing in LSA-R.S. 33:101 et seq. purports to grant appellate jurisdiction of any kind to the Planning Commission. According to LSA-R.S. 33:103(F), only the provisions of that Subpart pertaining to membership, appointment, organization, and structure shall not be applicable, at the choice of the parish or municipality with a Home Rule Charter. Appellate jurisdiction over another agency is not on that list. The authors of the Unified Development Code were not free to grant the Planning Commission appellate jurisdiction over the Board of Adjustment's decisions, when, under La. Const. Article V, § 16 and LSA-R.S. 33:4727, the same was already granted to the district court.[5]
Because the Unified Development Code's grant of appellate jurisdiction to the Planning Commission over the Board of Adjustment is contrary to State law, its decision to reverse the Board of Adjustment is illegal and has no effect. Under these facts, plaintiffs were not required to appeal the Planning Commission's decision to the Metropolitan Council. Therefore, we deny the defendants' Exception of Prescription.
Accordingly, for the reasons assigned, we deny the defendants' Exception of Prescription. We vacate the judgment of the trial court and remand for reconsideration as noted above.
EXCEPTION OF PRESCRIPTION DENIED; VACATED AND REMANDED.
NOTES
[1] The case was assigned to Judge William A. Morvant. The parties agreed to the matter being heard by Judge R. Michael Caldwell, due to Judge Morvant's absence.
[2] Plaisance v. Davis, 03-0767 (La.App. 1 Cir. 11/7/03), 868 So.2d 711.
[3] As provided in Section 3.3:

Any person or persons, jointly or severally, aggrieved by a decision of the Board of Adjustment, or any taxpayer, or any officer, department, board or bureau of the City-Parish may appeal the decision of the Board to the Planning Commission by filing a written request with the Planning Director within ten (10) calendar days of notice of the decision stating the reason or reasons for the appeal.
An appeal to the Metropolitan Council of the Planning Commission decision may be made by submitting a written request to the Council Administrator stating the reason or reasons for the appeal within the (10) calendar days of receipt of the Planning Commission's decision.
[4] Old Jefferson Civic Ass'n, Inc. v. Planning Commission for City of Baton Rouge and East Baton Rouge Parish, 364 So.2d 193 (La.App. 1 Cir.1978).
[5] Article V, § 16(B) of the La. Constitution of 1974 specifically states: "A district court shall have appellate jurisdiction as provided by law."