952 So.2d 108 (2006)
Hermann MOYSE, III and Janet D. Moyse
v.
The CITY OF BATON ROUGE, Parish of East Baton Rouge.
No. 2006 CA 0556.
Court of Appeal of Louisiana, First Circuit.
December 28, 2006.
Floyd J. Falcon, Jr., Baton Rouge, Counsel for Plaintiffs/Appellees Hermann Moyse, III and Janet D. Moyse.
E. Wade Shows, Lea Anne Batson, Gwendolyn K. Brown, Baton Rouge, Counsel for Defendants/Appellants City of Baton Rouge/Parish of East Baton Rouge and Dale Spillman.
*109 Before: CARTER, C.J., WHIPPLE and McDONALD, JJ.
WHIPPLE, J.
The issue before us on appeal is whether the district court erred in holding that LSA-R.S. 33:4727, which vests a district court with appellate jurisdiction to review a decision by a Board of Adjustment, provides the exclusive means for appealing a decision of a Board of Adjustment. Another panel of this court recently addressed this issue in the context of a prescription objection in a companion case, Moyse v. City of Baton Rouge, XXXX-XXXX (La.App. 1st Cir.6/9/06), 938 So.2d 1013, 1018, hereafter referred to as "Moyse I." Therein, this court held that LSA-R.S. 33:4727 provided the exclusive method of appealing the decision of a Board of Adjustment, and therefore, the local governing body lacked authority to vest appellate jurisdiction over such decisions in a Planning Commission. In accordance with this court's ruling in the companion case, we affirm the declaratory judgment appealed from and deny defendant's peremptory exception raising the objection of prescription.

DISCUSSION
The facts forming the basis for this appeal have been largely stipulated by the parties and also appear in the companion appeal. On April 30, 2004, Hermann Moyse, III and his wife, Janet, purchased Lot 4-B in University Acres Subdivision in Baton Rouge, Louisiana. Prior to commencing construction of a residence on the lot, on November 3, 2004, the Moyses submitted a Request for Waiver of Section 11.3 of the Baton Rouge City-Parish Unified Development Code (UDC) to the Metropolitan Board of Adjustment. Section 11.3 of the UDC requires a 25-foot front yard and a 25-foot rear yard for single-family residences. The Moyses requested a waiver to reduce the front yard to 20 feet and a waiver to reduce the back yard to 8 feet.
On December 20, 2004, the Board of Adjustment granted the Moyses three waivers to allow construction of a single family residence with a 20-foot front yard, an 8-foot rear yard, and a 3-foot side yard. On December 27, 2004, a neighboring property owner, Adam Bourgoyne, filed a written request appealing the Board of Adjustment's decision to the Metropolitan Planning Commission (Planning Commission) in accordance with Section 3.3 of the UDC. Section 3.3 states that any person aggrieved by a decision of the Board of Adjustment may appeal the decision to the Planning Commission within ten days of the notice of the decision. It further provides that a decision of the Planning Commission may be appealed to the Metropolitan Council within ten days of the receipt of the Planning Commission's decision.
On February 21, 2005, the Planning Commission reversed the Board of Adjustment's waivers. The City/Parish did not issue a permit to the Moyses, and the Moyses did not appeal the decision of the Planning Commission to the Metropolitan Council. Instead, on March 24, 2005, the Moyses filed a petition for a writ of mandamus in the Nineteenth Judicial District Court, requesting that the City of Baton Rouge/Parish of East Baton Rouge (City/Parish) be ordered to grant them a permit to begin construction of their residence in accordance with the waivers granted by the Board of Adjustment. They contended that LSA-R.S. 33:4727 provides the exclusive method for challenging a Board of Adjustment's ruling. Pursuant to LSA-R.S. 33:4727(E), a person aggrieved by a decision of a board of adjustment created by a local legislative body may challenge the decision in the district court of the parish or city in which *110 the affected property is located by filing a petition within thirty days after the filing of the decision of the board of adjustment. The Moyses insisted that because no appeal of the Board of Adjustment's decision granting their waiver requests was taken to a district court, the decision of the Board of Adjustment became a final one, and they were entitled to mandamus relief ordering the City/Parish to issue their permit in accordance with the Board of Adjustment's ruling.
The petition for writ of mandamus was heard on April 22, 2005. The district court denied the petition, finding that the issuance of a building permit was a discretionary act and under LSA-R.S. 33:4773, a writ of mandamus would not lie. The Moyses filed an appeal challenging the denial of their writ of mandamus. In connection with the appeal of Moyse I, the City/Parish filed for the first time in this court a peremptory exception urging the objection of prescription, arguing that the decision of the Planning Commission became final because the Moyses failed to appeal that ruling to the Metropolitan Council as provided for in Section 3.3 of the UDC.
The Moyses also filed the instant action for declaratory judgment in the Nineteenth Judicial District Court against the City/Parish, seeking a judicial declaration that LSA-R.S. 33:4727 provides the exclusive method of appealing an adverse decision of the Board of Adjustment. They also asked for a judgment decreeing that the Board of Adjustment's decision granting their waiver requests is a final one and that the Planning Commission lacked jurisdiction to review or reverse the Board of Adjustment's decision. The City/Parish, however, insisted that the Metropolitan Council, the governing body of a political subdivision operating under a Home Rule Charter, had the authority to provide by ordinance for an appeal to the Planning Commission of a decision of the Board of Adjustment, an agency created by the Metropolitan Council.
In December of 2005, the district court rendered a judgment decreeing that: (1) LSA-R.S. 33:4727 provides the exclusive method of appealing a decision of the Board of Adjustment; (2) the December 20, 2004 decision of the Board of Adjustment is a final one; and (3) the Planning Commission lacked legal authority or jurisdiction to review and/or reverse the Board of Adjustment's ruling. This appeal, taken by the City/Parish, followed. In connection with the instant appeal, the City/Parish again filed an exception of prescription, urging that the Moyses' failure to timely appeal the ruling of the Planning Commission caused their claim to prescribe.
While the instant appeal was pending, on June 9, 2006, another panel of this court handed down its decision in the companion case, Moyse I. Therein, this court denied the City/Parish's prescription exception. Moyse, XXXX-XXXX at p. 9, 938 So.2d at 1018. In that appeal, the City/Parish argued that the Moyses' cause of action for the issuance of a permit prescribed because they did not appeal the decision of the Planning Commission to the Metropolitan Council as provided for in Section 3.3 of the UDC, but instead filed a petition for a writ of mandamus in the district court. Moyse, XXXX-XXXX at p. 6, 938 So.2d at 1017. The issue at the heart of the prescription exception was whether the local governing body had the authority to provide that a Board of Adjustment ruling was subject to review by its Planning Commission in light of LSA-R.S. 33:4727's provision for an appeal of the Board of Adjustment's decision to a district court.
In Moyse I, this court analyzed the language in the UDC establishing the Board of Adjustment and the Planning Commission, *111 which directly refuted and contradicted the City Parish's argument that these agencies were established pursuant to the provisions of its Home Rule Charter. Moyse, XXXX-XXXX at pp. 5-6, 938 So.2d at 1017. Rather, this court concluded that those agencies were set up in accordance with the statutory provisions of the state. This court stressed that section 3.101 of the UDC, which created the Board of Adjustment, specifically stated that the rights and duties of the Board shall be as provided in LSA-R.S. 33:4727. Moreover, this court observed, Section 3.03 of the UDC vested the Planning Commission with all of the powers and duties conferred or imposed on Parish Planning Commissions by the general laws of this state. However, this court observed, nothing in the law creating the powers and duties of a Planning Commission, contained in LSA-R.S. 33:101 et. seq., purported to grant appellate jurisdiction of any kind to a Planning Commission. This court reasoned the authors of the UDC were not free to grant the Planning Commission appellate jurisdiction over decisions of the Board of Adjustment in light of Article V, Section 16 of the Louisiana Constitution, which provides that a district court shall have appellate jurisdiction as provided by law, and LSA-R.S. 33:4727, which vested appellate jurisdiction over appeals of decisions of the Board of Adjustment in the district court. Moyse, XXXX-XXXX at pp. 7-9, 938 So.2d at 1017-1018.
Ultimately, this court held that the UDC's grant of appellate jurisdiction to the Planning Commission over Board of Adjustment rulings was contrary to state law, and therefore, the decision of the Planning Commission overruling the Board of Adjustment's decision to grant waivers to the Moyses was void and of no legal effect. Therefore, this court concluded, the Moyses were not required to appeal the Planning Commission's decision to the Metropolitan Council, and thus, there was no merit to the City/Parish's prescription exception.[1]Moyse, XXXX-XXXX at p. 9, 938 So.2d at 1018.
In the instant appeal, the City/Parish challenges the district court's declaration that LSA-R.S. 33:4727 provides the exclusive means to challenge a decision of the Board of Adjustment, asserting that the local governing authority possessed the power to restrict the authority of the Board of Adjustment by providing that its rulings are subject to review by the Planning Commission. It submits that the district court further erred by declaring the decision of the Board of Adjustment final, because a timely appeal was perfected in accordance with the provisions of Section 3.3 of the UDC to the Planning Commission, a body with legal authority to review and reverse the decision of the Board of Adjustment. Lastly, it urges that the Moyses' claims have prescribed because they failed to appeal the decision of the Planning Commission to the Metropolitan Council.
As set forth above, all of these arguments have been thoroughly addressed, and rejected, in the companion case. In accordance with the reasoning of this court in Moyse I, we deny the peremptory exception raising the objection of prescription and affirm the declaratory judgment. All costs of this appeal, in the amount of $273.86, are assessed to appellant, City of Baton Rouge/Parish of East Baton Rouge.
*112 PEREMPTORY EXCEPTION OF PRESCRIPTION DENIED; JUDGMENT AFFIRMED.
NOTES
[1] On the merits of the appeal, this court remanded the case to the district court to reconsider whether the Moyses were entitled to mandamus relief in light of a legislative amendment to a provision relied on by the district court in denying that relief. Moyse, XXXX-XXXX at pp. 4-6, 938 So.2d at 1016.