337 So.2d 310 (1976)
Columbus B. CARROLL, Plaintiff-Appellant,
v.
Barry Donald GUILLOT, Defendant-Appellee.
No. 5585.
Court of Appeal of Louisiana, Third Circuit.
September 13, 1976.
*311 Gold, Hall, Hammill & Little by H. B. Bruser, III, Alexandria, for plaintiff-appellant.
Stephen E. Everett, Alexandria, for defendant-appellee.
Ellis G. Saybe, Alexandria, for plaintiffappellee.
Before MILLER, WATSON and PETERS, JJ.
WATSON, Judge.
Plaintiff, Columbus B. Carroll, sued defendant, Barry Donald Guillot, for damages sustained as the result of a battery which occurred on the lawn of plaintiff's residence in Pineville, Louisiana, May 5, 1975. After trial on the merits, the trial court awarded plaintiff general damages in the amount of $6,000 and special damages in the amount of $2,273.65. Plaintiff has appealed, and defendant has answered the appeal.
Plaintiff Carroll contends that the damages are inadequate; Guillot that they are excessive. These contentions revolve around a dispute about the mitigating effect of plaintiff's words prior to the battery.
Carroll is a 38-year-old diabetic bank clerk of tall but very slender build; Guillot is a plumber who lives down the street.
The facts go back some three months prior to the actual battery, when Carroll, armed with a "BB" gun, shot a dog owned by Guillot's 10-year-old son, Chris Guillot. The intention was only to sting the dog, which was chasing Carroll's cat, but the "BB" hit a vital spot and killed the animal. Carroll made arrangements with a neighbor who owned an expectant bitch to replace the pet.
On the date of the battery, Carroll was mowing his lawn with a riding-type mower *312 when Guillot and Chris passed in a pickup truck. Guillot stopped and approached Carroll, who cut his mower motor. A conversation followed with Guillot inquiring as to when Carroll was going to replace the dog. According to Guillot's testimony, Carroll made a remark about not replacing the dog until the children stopped encroaching on his yard. Guillot turned away to leave, saw that his son was upset, and turned back to deliver two forceful blows to plaintiff's face, causing extensive damage.
According to the oral surgeon, Dr. R. Bruce Phillips, who examined him in the emergency room, plaintiff suffered a fracture of the right zygoma and zygomatic arch, a fracture of the lateral wall of the right maxillary antrum, and a fracture of the left zygoma and zygomatic arch. At the time of the trial, he had an area of paresthesia, the permanency of which was uncertain.
Carroll was hospitalized at Rapides General from May 10 to May 13 for corrective surgery.
In addition to the various fractures of the cheekbone and nasal area, he suffered three broken teeth which were later extracted. After extensive dental work, a partial plate replaced the teeth.
The decisive issue on appeal is whether the trial court abused its discretion in the award of damages to plaintiff. The parties argue certain other issues, plaintiff contending that the trial court erred in holding: (1) that the words of plaintiff immediately preceding the battery were legally sufficient to mitigate the damages; and (2) that events occurring some three months prior to the date of the battery may be considered to mitigate damages. Defendant contends that the trial court erred in failing: (1) to mitigate the special damages as well as the general damages; and (2) to receive and consider evidence on the ability of defendant to respond in damages.
As to mitigation of damages, the parties dispute the actual effect on the award of the facts found by the trial court concerning the words uttered by plaintiff. Our study of the written reasons assigned by the trial court indicates to us that the trial court found a certain amount of fault on the part of plaintiff surrounding the entire incident and there is indeed an indication that the trial court may have mitigated the award of damages on the basis of this. However, our review of the record satisfies us that the award is well within the discretion allowed the trier of fact by LSA-C.C. art. 1934. There is no abuse of discretion in the final award, and it is the final judgment of the court which is the subject of appellate review. Cf. Miller v. Chicago Insurance Company, 320 So.2d 134 (La., 1975).
Concerning defendant's complaint that he was not allowed to produce evidence concerning his inability to respond in damages, we note that the general principle of law advanced by defendant is correct.
"Our jurisprudence is established that the defendant in a tort action may present evidence which tends to show his inability to pay general damages." Tabb v. Norred, 277 So.2d 223 at 233 (La.App. 3 Cir. 1973); writ denied, La., 279 So.2d 694.
However, defendant failed to avail himself of the opportunity to make an offer of proof as he was entitled to do under LSA-C.C.P. art. 1636, and, having failed to do so, he cannot complain on appeal.
Therefore, the judgment is affirmed. Costs are taxed against plaintiff-appellant.
AFFIRMED.