374 So.2d 121 (1979)
Arthur V. VERRETT, Jr.
v.
Mary B. PRESTON and Bankers & Shippers Insurance Company.
No. 12691.
Court of Appeal of Louisiana, First Circuit.
July 16, 1979.
Timothy Ellender, Houme, for plaintiff and appellant.
Lloyd T. Bourgeois, Thibodaux, for defendants and appellants.
Before CHIASSON, EDWARDS and COLE, JJ.
CHIASSON, Judge.
Plaintiff, Arthur V. Verrett, Jr., filed this tort action seeking damages for personal injuries he received when his automobile was hit in the rear by a vehicle being driven by Mary B. Preston.
The trial court awarded plaintiff the sum of $17,582.33 against defendants, Mary B. Preston and her insurer, Bankers & Shippers Insurance Company.
All parties appeal from this judgment. The plaintiff seeks an increase in the award and the defendants seek a decrease in the award and a reversal of the trial court's judgment.
Defendants seek a reversal of the trial court's judgment and a remand of the case on the ground that the trial judge erroneously refused to admit into evidence the pretrial deposition of plaintiff.
La.C.C.P. art. 1450(2) provides in part:

*122 "The deposition of a party . . . may be used by an adverse party for any purpose."
The wording and substance of the above-quoted portion of C.C.P. art. 1450 remain unchanged from those of its predecessor, former C.C.P. art. 1428 in 1976.
The minutes of the trial court of November 27, 1978, reveal that the trial judge refused to admit plaintiff's deposition on the ground plaintiff was personally present in court. In so doing, our learned colleague on the trial court committed error. The discovery deposition of a party litigant may be used by the adverse party for any purpose whether the party litigant is present and testifies or whether an express purpose is given for its introduction. Hall v. Liberty Mutual Insurance Company, 153 So.2d 553 (La.App. 1st Cir. 1963); Menard v. Travelers Insurance Company, 240 So.2d 390 (La.App. 3rd Cir. 1970).
The record before us does not contain the deposition of plaintiff because no offer of proof of the deposition was made by the defendants as authorized by La.C.C.P. art. 1636. The record before us is therefore incomplete.
Defendants' failure to make an offer of proof could possibly be held against them. Carroll v. Guillot, 337 So.2d 310 (La. App. 3rd Cir. 1976). However, we need not decide this question because in the case before us the trial judge did not make his ruling upon the admissibility of the offered evidence during the course of the trial but only upon signing of the judgment, sub silentio, and upon a motion for new trial which was denied. Therefore, defendants did not fail to avail themselves of the opportunity to make an offer of proof because no such opportunity was afforded them.
For these reasons, the judgment of the trial court is set aside and the case is remanded to the trial court for the filing of plaintiff's deposition in evidence and for a redetermination of the case by the trial judge based upon the complete record.
REMANDED.