LEMMON, Judge.
This appeal by plaintiff, the owner of a home in an urban residential subdivision, presents the issue of whether a pile driving contractor is liable for damage to a sewer line on plaintiff’s property when the contractor moves its heavy equipment across the side yard in a mutually agreed upon route and then drives piles in the rear yard at points specifically marked by the property owner. The judgment dismissing plaintiff’s action was rendered upon a motion for dismissal at the completion of plaintiff’s evidence pursuant to C.C.P. art. 1810 B.
I
Desiring to build a patio in the rear of his home, plaintiff employed defendant corporation to drive 18 piles. The gas company marked the location of its lines, and plaintiff placed stakes at the precise spots where he desired the piles to be driven.
After defendant’s representative pointed out that the heavy equipment could not be moved from the street to the rear through the left side yard which was occupied by a driveway, they decided to move the fence and enter through the right side yard. Although plaintiff inquired as to the necessity of using mats in traversing the area, defendant did not do so. In moving the equipment, defendant carefully avoided the marked gas line.
Defendant then drove the piles at the staked points, except for the four nearest the house which were not accessible because of the house’s overhang. Since plaintiff was not aware of the route of the sewer line through the right side yard and near the house in the back yard, he did not warn defendant of the location of the line. Moreover, the contractor did not probe the marked sites for buried utility lines.
Portions of the line in the side yard were broken when rolled over by the heavy *1375 equipment, and the line was also broken in two spots in the rear yard by piles being driven there.
II
Either the owner or the contractor can prevent such damage as occurred here by determining the existence and- location of shallow utility lines before moving heavy equipment onto the site and driving the piles. As between the two, the responsibility to prevent such damage (in the absence of a contractual provision) is more properly placed on the contractor, who has the expertise and experience from dealing with such problems on a daily basis (rather than the owner who normally has such dealings once or twice in a lifetime) and who is in a better position to anticipate the risk and to protect himself by contract.[1]
The contractor in this case did not attempt to ascertain the existence of any buried utility lines in the residential subdivision, nor did it attempt to prevent damage to such lines by using mats in moving heavy equipment onto the site and by probing before driving the piles.
As to the defense of assumption of risk, it cannot fairly be said that the owner knowingly consented to the risk of damage by marking the points where piles were to be driven (the stated points obviously being intended as support locations for the contemplated patio rather than places where the sewer line would not be affected) or by agreeing with the contractor to use the right side yard rather than to traverse the driveway.
Under the overall circumstances shown in this record the loss would be imposed on the contractor. However, since the judgment was rendered in response to defendant-contractor’s motion to dismiss at the completion of plaintiff’s evidence, defendant has not yet had the opportunity to present evidence. Accordingly, the judgment of dismissal must be set aside, rather than reversed, and the matter must be remanded for further proceedings.[2]

JUDGMENT SET ASIDE, MATTER REMANDED.

. The basic question in imposing responsibility is one of reasonableness, and proof of custom in the industry merely bears on this question. Thus, plaintiff should not lose simply because he failed to produce such proof, just as defendant would not have been conclusively entitled to judgment if it had offered such proof.

. The trial court, in oral reasons, primarily based its decision on “plaintiff’s failing to prove damages”. While the record clearly shows that plaintiff sustained some damages, the only evidence bearing on the measure of damages was the cost of installing a plastic pipe in total replacement of a terra cotta line which was partially damaged.
Perhaps the proper measure is the cost of replacing the damaged part of the terra cotta line (or the cost of replacing the entire line with terra cotta pipe if it is shown that the damage cannot be repaired). In any event either party on remand should be allowed to present additional evidence on the issue of measure of damages in order to assist the court in fixing the award, if plaintiff prevails on liability after all evidence has been presented.