459 So.2d 1195 (1984)
Joseph BURRELL, Jr.
v.
Lillie SCHLESINGER, Tassin Pile Driving Co., Inc. Wausau Underwriters Insurance Co., and Globe Construction Co., Inc.
No. CA 1478.
Court of Appeal of Louisiana, Fourth Circuit.
October 24, 1984.
Rehearing Denied December 27, 1984.
Writ Denied February 15, 1985.
*1197 Joel P. Loeffelholz, New Orleans, for appellantLillie Schlesinger.
Bruce S. Kingsdorf, Carl W. Cleveland, Carl W. Cleveland & Associates, New Orleans, for appelleeJoseph Burrell, Jr.
Lynn L. Lightfoot, Kiefer & Lightfoot, Metairie, for appelleesTassin Pile Driving Co., Inc. and Wausau Underwriters Company, Inc.
Before REDMANN, C.J., and KLEES and CIACCIO, JJ.
CIACCIO, Judge.
Plaintiff sued to recover for damage to his home alleged to have resulted from pile driving activities conducted on an adjacent lot. He named as defendants the owner of the adjacent lot, the general building contractor and the piling subcontractor. The owner and general contractor filed a third-party demand for indemnification against the piling subcontractor. After a trial on the merits, judgment was rendered in favor of plaintiff against the owner only. All other demands were dismissed.
The owner has appealed. Plaintiff has answered the appeal seeking to have the amount of the award increased, and to have the general contractor and piling subcontractor adjudged solidarily liable with the owner. For the reasons that follow, we affirm.
Appellant, the owner, has specified six assignments of error. The first two concern whether the piling subcontractor was negligent. The first assigned error complains of the trial judge's failure to find the piling subcontractor negligent. In his reasons for judgment the trial judge specifically found "that the defendants' work caused the damage to the plaintiff's property", but "the evidence adduced on the trial of this case failed to prove, by a preponderance of the said evidence, that either of the defendants was negligent." We have reviewed the entire record and have considered the arguments made to this court and have concluded that we cannot say the trial judge was clearly wrong. We, therefore, will not disturb his findings. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
The second assigned error complains that the trial judge dismissed the third-party demand against the piling subcontractor. The only argument presented for maintaining the third-party demand is premised upon finding the piling subcontractor negligent. The trial judge found no negligence, and we have affirmed that finding. Accordingly, we affirm the dismissal of the third-party demand. To borrow a passage from D'Albora v. Tulane University, 274 So.2d 825 (La.App. 4th Cir.1973), cert. denied, 278 So.2d 504 and 505 (La. 1973):
To adopt the opposite view would ultimately oblige the skillful employee to indemnify (or at least contribute to) his employer or the general contractor or the owner: not because of negligence, improdence or want of skill, but because the job he was given to do was likely to cause damage (and did). 274 So.2d at 832.
Appellant's third assignment of error addresses itself to the piling subcontractor's claimed "immunity" under La.R.S. 9:2773, and the trial judge's failure to hold the piling subcontractor liable in solido with appellant. La.R.S. 9:2773 provides:
Sec. 2273 Limitations on the responsibility of agents, contractors and representatives
A. It is the public policy of the state that the responsibility which may be imposed on an agent, contractor, or representative by reason of the responsibility of proprietors under Article 667 of the Louisiana Civil Code shall be limited solely to the obligation of such agent, contractor, or representative to act as the surety of such proprietor in the event the proprietor is held to be responsible to his neighbor for damage caused him and resulting from the work of such agent, *1198 contractor, or representative, and only in the event the proprietor is unable to satisfy any claim arising out of such damage. The agent, contractor or representative who is responsible for damages, as limited by this Section, shall have a right of action against the proprietor for any damages, costs, loss or expense which he may suffer in his capacity as the surety of the proprietor.
B. Nothing in this Section shall be construed to relieve a contractor of any liability which he may incur as a result of his own negligence or the improper performance of the work performed under the construction contract.
C. The provisions of this Section shall apply to all construction agreements entered into after the effective date hereof and may be waived by the contractor.
Although not specifically articulated in the assignments of error, appellant argues in brief that La.R.S. 9:2773 is unconstitutional. A litigant who fails to plead the unconstitutionality of a statute cannot legally raise the constitutional issue in the appellate court. Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971). Because appellant neither pleaded nor raised the issue at the trial level, we will not consider appellant's constitutional claim. Jackson v. Maloney Trucking & Storage, Inc., 442 So.2d 849 (La.App. 4th Cir.1983).
We find, however, that the trial judge did not properly apply La.R.S. 9:2773. The statute does not provide "immunity" to contractors. It limits their responsibility to acting "as the surety of such proprietor in the event the proprietor is held to be responsible to his neighbor for damage caused him and resulting from the work of such agent, contractor, or representative, and only in the event the proprietor is unable to satisfy any claim arising out of such damage."
The trial court found that "[t]here was `fault' on the part of each of the defendants in causing the work to be done which they knew (or should have known) could damage the adjoining property." (footnote omitted.) The court then correctly opined, citing D'Albora v. Tulane University, supra, that "both [the piling subcontractor] and [the general contractor] should be held to be solidarily liable to plaintiff, along with the landowner ... based upon La.Civil Code Article 667." The court then went on to dismiss the demands against the piling subcontractor and the general contractor and rendered judgment only against the owner on the basis of La.R.S. 9:2773.
The court should not have dismissed the piling subcontractor and the general contractor, but should have cast them in judgment as sureties to the owner under the conditions set forth in La.R.S. 9:2773. However, appellant has not sought this relief, but she has asked only that the piling subcontractor be cast in judgment alone, or as indemnifier, or in solido with her. Plaintiff's answer to the appeal likewise does not properly present the judgment for modification in this manner. See La.C.C.P. Art. 2133: "... The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer..." Neither of the contractors appealed. Accordingly, we have no appeal before us which would allow the judgment to be amended to add the piling subcontractor and general contractor as sureties.
Through her fourth assignment of error appellant complains that the trial judge did not find "victim fault" or the failure of the victim to mitigate his damages. Although the trial judge made no specific findings as to these particular questions, he did make a finding as to the quantum of damages suffered by plaintiff. We have reviewed the record and we do not find any abuse of the fact finder's much discretion under La.C.C.Art. 1934(3), nor can we say that the findings are clearly wrong. We, therefore, will not disturb the quantum of damages awarded by the trial judge. Perniciaro v. Brinch, 384 So.2d 392 (La.1980).
*1199 In a similar fashion in his answer to the appeal, plaintiff complains that the trial judge failed to award him recompense for incidental damages. The trial judge specifically found that "[s]ufficient proof has not been offered to substantiate plaintiff's claims for other items of loss...." For the same reasons noted above, this finding by the trial judge will not be disturbed.
In her fifth assignment of error appellant complains that the trial judge would not allow evidence of third-party fault, viz., the fault of NOPSI buses causing vibrations as they passed on the street in front of plaintiff's house. At trial defendant-appellant called as a witness a NOPSI bus driver. The witness began testifying about what occurs when he drives his bus on the street in front of plaintiff's house. Plaintiff's counsel reurged an objection that this evidence was "irrelevant and immaterial." The trial judge sustained the objection, listened to defense counsel's argument in favor of admissibility, and maintained that he would "rule it out."
Defense counsel indicated that he would make a proffer. The colloquy between counsel and the court briefly continued, and counsel again indicated that he would make a proffer. The court responded:
THE COURT:
You make the proffer. You know how I have it done. You put it in an envelope and seal it and it will go up to the Court of Appeal if the case goes up. I am not listening to it. Step down.
Counsel now complains in his brief that he was not allowed to make a proffer, and he argues that this is reversible error. See La.C.C.P.Art. 1636. The record indicates that counsel was told to make a proffer, as the recounting of events given above makes clear. In fact, counsel filed in the record below, which has come up to us in a sealed envelope with the record on appeal, a document he entitled "Proffer of Evidence Excluded at Trial". We do not find that the trial judge refused the offer of proof, and, therefore, find no error in this regard.
As to appellant's purported proffer, a review of this document reveals that it contains only an argument as to why the evidence should have been admitted. The document alludes to potential testimony from additional NOPSI employees. This other evidence, however, was never offered at trial and, therefore, never excluded. As a whole the document is not a proffer, but a mini-brief on this issue. A proffer is used to set forth the nature of the evidence, not to preserve counsel's arguments in favor of admissibility.
We find that appellant failed to take advantage of the opportunity to make an offer of proof. Having made no offer of proof, appellant cannot now complain on appeal. Canty v. Terrebonne Parish Police Jury, 397 So.2d 1370 (La.App. 1st Cir. 1981), writ denied, 401 So.2d 988 (La.1981); Inniswold-Jefferson Terrace Civic Association, Inc. v. Louisiana Health Services and Indemnity Company, Inc., 396 So.2d 348 (La.App. 1st Cir.1981); Carroll v. Guillot, 337 So.2d 310 (La.App. 3d Cir.1976).
The sixth assignment of error complains that the trial judge, over timely objection, allowed an enlargement of the pleadings by plaintiff. Plaintiff's petition complains that the damage caused by pile driving occurred "on or about" September 1, 1980. Trial evidence establishes that the pile driving activity occurred on August 22, 1980.
At trial defense counsel objected to plaintiff's counsel's questioning that the damage occurred on August 22nd. Plaintiff's counsel retorted that August 22nd was "on or about" September 1st. The trial judge agreed, noting that in a case of this character the exact date is not particularly important. After continued discussion among both attorneys and the court, it was agreed that plaintiff would be asked about what happened to his house without regard to a date. So counsel asked, "What happened to your house?". Plaintiff answered, and his testimony continued without further objection concerning the date on which the damage occurred.
*1200 Appellant now complains that she suffered prejudice as a result of an enlargement of the pleadings. Ultimately the questioning and testimony resumed in a manner which did not enlarge the pleadings; the evidence presented concerned the cause and extent of the damages without concern as to the exact calendar date on which they occurred. Even assuming the pleadings were enlarged by the date change, we find that appellant suffered no prejudice. She has not described any prejudice, we are not in a position to assume any, and our review of the entire trial record convinces us that counsel was fully prepared to defend against the allegations of the petition that the damage was caused by the pile driving regardless of the date. We find no error in the ruling of the trial court.
Accordingly, the judgment of the trial court is affirmed. All costs are to be borne by appellant.
AFFIRMED.
REDMANN, C.J. concurs with reasons.
REDMANN, Chief Judge, concurring.
The only question presented by this appeal is whether the defendant owner is entitled to indemnity from the piling subcontractor. (The "general contractor" is the owner's son, and the owner's appeal does not ask that we cast her son). The only question presented by the answer to the appeal is whether the award against defendant owner should be increased.
I subscribe to the majority's reasoning regarding the amount of the award.
I concur in the refusal of indemnity against the piledriving subcontractor on the ground that the only expert testimony is that the "major cause of the damage [to plaintiff owner's house] was the filling of the [defendant owner's] lot ... with a contributory cause being the piledriving which has shaken loose several loose [sic] pieces of plaster and caused them to fall." Presumably the landfilling operation, which caused the shifting of plaintiff's house, caused the "several loose pieces of plaster" to become loose and therefore in need of removal for replastering; so that the piledriving's causing their early "removal" by falling caused no additional damage.
The meaning and effect of La.R.S. 9:2773 therefore need not be discussed (although one may note that a piledriver who contracts with a lay owneror perhaps with a "general contractor" inexpert on piledriving, as the record suggests ours washas a duty to advise the other contracting party that even skillful piledriving will probably cause damage to neighbors for which the owner will be liable and therefore needs insurance. See, analogously, McCall v. Tassin Pile Driving, Inc., 383 So.2d 1373 (La.App. 4 Cir.1980)).
(This writer has considered that the same lawyer represents both the defendant landowner and the "general contractor." They presumably are satisfied that there is no conflict of interest between theman unlikely conclusion were it not for the close family relationship.)