WARD, Judge.
On November 17, 1982, Shamrock Construction Company, Inc. entered into a building contract with GWO-I (GWO) to perform work on property owned by GWO known as the Dauphine House Condominiums. On July 18, 1984 GWO accepted the work performed by Shamrock under the contract. GWO, however, failed to pay *291 Shamrock $72,838.14 due under the contract, and on August 23, 1984, Shamrock filed a lien for the amount owed pursuant to Louisiana’s Private Works Act, La.R.S. 9:4801 et seq.
In September 1984 GWO sold the condominiums to Dr. Jerome McCuin. To finance the purchase, McCuin executed a collateral mortgage in favor of Home Savings and Loan Association for over $2,300,-000.00, using the condominiums as collateral. On October 8, 1984, a bond, executed by Eastern Indemnity Company of Maryland, was substituted for Shamrock’s lien. Home Savings thus obtained the first mortgage position once the Recorder of Mortgages for the Parish of Orleans cancelled the Shamrock lien when the bond replaced the lien as security, all in accordance with La.R.S. 9:4835.
On December 18, 1984, the Louisiana Commissioner of Insurance ordered all agents to cease placing business with Eastern Indemnity because a Maryland court had issued an order of insolvency declaring the bonding company insolvent.
Meanwhile, Dr. McCuin defaulted on his indebtedness to Home Savings, and Home Savings filed suit to foreclose on the property secured by the mortgage. Shamrock intervened, alleging that, since Eastern Indemnity had become insolvent, it was entitled to have its cancelled lien reactivated and recognized as superior to the Home Savings • mortgage. Alternatively, Shamrock wanted Home Savings to provide a substitute surety due to Eastern Indemnity’s insolvency. Adding the Recorder of Mortgages as a defendant in the foreclosure suit, Shamrock alleged that the Recorder failed to comply with the provisions of La.R.S. 9:4835 in cancelling its lien, rendering the cancellation ineffective.
The Recorder moved for summary judgment, alleging that it acted in accordance with the law in cancelling the lien. The Trial Court denied the motion, but, in writ proceedings, this Court reversed, holding that the Recorder is not responsible for the subsequent insolvency of the bonding company. The Louisiana Supreme Court denied a writ application.
After a summary judgment was entered in favor of the Recorder of Mortgages, Home Savings moved for summary judgment, requesting that Shamrock’s intervention be dismissed. Home Savings argued that once it was established that the Recorder properly accepted the bond to replace the lien and then properly cancelled the lien, the lien was extinguished, could not be revived, and could not prime Home Savings’s mortgage. Moreover, Home Savings argued, it had no duty to provide a substitute surety.
The Trial Court granted Home Savings’s motion for summary judgment, and Shamrock appeals that ruling. We affirm.
In granting the motion the Trial Judge felt bound by this Court’s disposition of the Recorder’s earlier writ application. In its appeal, Shamrock attempts to distinguish Home Savings’s motion from the earlier writ disposition, arguing that the only reason summary judgment was granted in favor of the Recorder was because Eastern Indemnity was still able to issue bonds in Louisiana when the Recorder accepted the bond and cancelled the lien. This Court did not address, Shamrock argues, whether the bond was a proper bond, but found only that the Recorder had fulfilled the duties of his office. Shamrock argues that the document was not a bond. First, Shamrock asserts that Louisiana’s suretyship requirements were not fulfilled because Eastern Indemnity executed the document as both principal debtor and surety. Second, Shamrock claims, La.R.S. 9:4835 mandates that the Recorder note his approval on the face of the bond, and this was not done.
As Home Savings correctly observes, however, Shamrock made these identical arguments to the Trial Court, this Court and the Supreme Court in opposition to the Recorder’s motion for summary judgment. In granting the Recorder’s motion for summary judgment, this Court said:
WRIT GRANTED.
Because we conclude there exists no genuine issue of material fact, we grant the motion for summary judgment filed by the recorder of mortgages.
*292 The issues of fact raised by intervenor are not material. The recorder cannot be held responsible for the subsequent insolvency of a surety or bonding company. The responsibility of the recorder under the statute, is to cancel the lien when a “... bond of a lawful surety company authorized to do business in the State ...” is posted. No showing has been made by affidavit or otherwise nor has an issue been raised that the bonding company was not a lawful surety or not authorized to do business in the State. See LSA-R.S. 9:4835.
Because Shamrock’s arguments have already been considered by this Court and presented to the Supreme Court by Shamrock in its application for writs, the disposition made in 87-0-8310 that “there exists no genuine issue of material fact” acts as the “law of the case” and precludes us from giving any further consideration to Shamrock’s arguments that the document was not a valid bond. Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1972).
Shamrock also asserts that there exists a genuine issue of material fact as to the identity of the party who obtained the Eastern Indemnity bond. We disagree. La.R.S. 9:4835, in effect in September 1984, establishes the procedure by which a bond or other security may be substituted for a valid privilege obtained under the Private Works Act:
A. If a statement of claim or privilege or a notice of Ms pendens is filed, any interested party may deposit with the recorder of mortgages either a bond of a lawful surety company authorized to do business in the state or cash, certified funds, or a federally insured certificate of deposit to guarantee payment of the obligation secured by the privilege or that portion as may be lawfully due together with interest, costs, and attorney’s fees to which the claimant may be entitled up to a total amount of one hundred twenty-five percent of the principal amount of the claim as asserted in the statement of claim or privilege or such a suit. A surety shall not have the benefit of division or discussion.
B. If the recorder of mortgages finds the amount of the cash, certified funds, or certificate of deposit or the terms and amount of a bond deposited with him to be in conformity with this Section, he shall note his approval on the bond and make note of either the bond or of the cash, certified funds, or certificate of deposit in the margin of the statement of claim or privilege or notice of lis pendens as it is recorded in the mortgage records and cancel the statement of claim or privilege or the notice of lis pendens from his records by making an appropriate notation in the margin of the recorded statement or notice. The bond shall not be recorded but shall be retained by the recorder of mortgages as a part of his records. (Emphasis added).
Shamrock’s argument, if worthy of any consideration, is more properly directed to the issue of whether the Recorder acted properly, not Home Savings, since it is the Recorder’s duty to determine whether a bond is adequately and properly filed. That question was resolved in favor of the Recorder when summary judgment was rendered.
The next argument advanced by Shamrock is that the due process clauses of the state and federal constitutions and the Louisiana Civil Code require that the lien holder be notified prior to cancellation of his lien. In September 1985 a notice requirement was added to the Private Works Act (La.R.S. 9:4835 C), but that amendment cannot be applied retroactively in this case. See, La.C.C. art. 6 and Werner v. Department of Police, 487 So.2d 598 (La.App. 4th Cir.1986).
In essence, Shamrock claims that the Private Works Act is unconstitutional because it failed to provide a notice requirement. Shamrock, however, did not plead or raise this constitutional claim in the trial court, and it will not be considered in this appeal. Johnson v. Welsh, 334 So.2d 395 (La.1976). Burrell v. Schlesinger, 459 So.2d 1195 (La.App. 4th Cir.1984), writ denied 463 So.2d 1320 (La.1985).
*293 Shamrock also asserts that La.C.C. art. 3371 implicitly requires that it be notified prior to cancellation of its lien. Art. 3371 provides:
Inscriptions of mortgages and privileges are erased by the consent of the parties interested and having capacity for that purpose; this consent to be evidenced by a release, or by a receipt given on the records of the court rendering the judgment on which the mortgage is founded.
Although article 3371 does purport to require consent of “parties interested” and in this case Shamrock would be an interested party, we believe that the civil code articles on erasure of mortgages, La.C.C. arts. 3371 et seq., are not applicable to a lien filed under the Private Works Act which is cancelled, pursuant to statutory authority, by a bond. The Private Works Act outlines the procedure to file a bond, and the insertion, in 1985, of a notice requirement, indicates that the legislature never intended the statute to be read in conjunction with La.C.C. art. 3371 et seq. Hence, we find no merit in Shamrock’s argument that La.C.C. art. 3371 requires notice to lien holders.
Finally, citing former La.C.C. art. 3043, Shamrock contends that Home Savings should be responsible for providing replacement security when Eastern Indemnity became insolvent. We disagree.
Former La.C.C. art. 3043, which applies in this case, provided in part:
When the surety received by the creditor, either voluntarily or by direction of law, becomes insolvent, his place should be supplied by another ...
New La.C.C. art. 3070 which, according to the Revision Comment, “reproduces and expands the rule stated in Article 3043 (1870) ...,” states:
If a legal surety ceases to possess required qualifications or becomes insolvent or bankrupt, any interested person may demand that the principal obligor furnish additional security in the same amount and upon the same terms as those given by the existing surety for the performance of the obligation. (Emphasis added.)
La.C.C. art. 3070 now makes clear that the principal obligor must provide new security, and we believe that this was the meaning of the prior law of Article 3043.
Nevertheless, Shamrock’s argument is that Home Savings received a benefit by obtaining a priority position and that any party who receives a “benefit” should be liable for replacing an insolvent surety. Shamrock cannot support this argument and there is no authority which would compel Home Savings to supply a substitute surety upon the insolvency of Eastern Indemnity. We find no merit to Shamrock’s position that Home Savings was responsible for doing so.
Accordingly, finding no error in the Trial Court’s judgment granting Home Savings’s motion for summary judgment, we affirm. All costs of this appeal are assessed to Shamrock.
AFFIRMED.